**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**OAKLAND UNITED BAPTIST CHURCH et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 8, 1963.

small toilet building of the same type of construction was separately located on the back of the lot.

During the trial the court excluded evidence offered by expert valuation witnesses for the Commonwealth to show, for purposes of comparison, that the Summit Nazarene Church in the same county had sold in 1955 for $4500. The Summit church was a much older building, constructed of frame, but it had certain other features superior to the Oakland church and was considered by one of the appraisers to have been worth 20% more than the latter. The Summit church was substantially the same distance from the city of Ashland as the Oakland church was from Catlettsburg, though the distance between the two churches was some 10 miles. The evidence was excluded on the ground that they were too far apart for comparison.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Walter Mobley, Flemingsburg, for appellant.

Thomas E. Phipps, Ashland, for appellees.

PALMORE, Judge.

In the acquisition of right-of-way for an interstate highway (I–64) the state highway department found it necessary to condemn the Oakland United Baptist Church at the junction of U. S. Highway 23 and Kentucky Highway 538 about 3 miles from Catlettsburg in Boyd County, Kentucky. The department appeals from a judgment entered on a jury verdict in circuit court awarding $10,000 as the value of the property.

The church was a 30′ x 46′ concrete block structure situated on a .21-acre lot (9200 square feet). It was built in 1952. It had no basement and no plumbing facilities. A

■ It is firmly settled that comparable sales are extremely valuable evidence in condemnation cases and are not lightly to be excluded. See Stewart v. Commonwealth, Ky., 337 S.W.2d 880, 884 (1960), in which it was said that "where the properties are reasonably similar, and a qualified expert states his opinion that they are sufficiently comparable for appraisal purposes, it is better to leave the dissimilarities to examination and cross-examination than to exclude the testimony altogether." After all, judges must recognize that their own qualifications to assess the degree of comparability are likely to be inferior to those of the professional witness.

■ As the witnesses pointed out in this case, sales of church property are scarce. For that very reason, when there *is* one that is reasonably susceptible of comparison, it has high evidentiary value. It is our opinion that the factual and opinion evidence tendered by the highway department's witnesses indicated a sufficient similarity between the properties here in question to warrant consideration by the jury, and that the exclusion of it was a preju-

dicial error. The distance alone was not a disqualifying factor. See Commonwealth Dept. of Highways v. Finley, Ky., 371 S.W. 2d 854 (1963).

The judgment is reversed with directions that a new trial be granted.