**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**Anna Elizabeth WEST, Widow, et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 9, 1964.

John B. Breckinridge, Atty. Gen., Wm. A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Dandridge Walton, Madisonville, for appellant.

King, Deep & Branaman, Henderson, for appellees.

DAVIS, Commissioner.

In this condemnation proceeding under KRS 177.081 et seq. judgment for appellee landowners was entered pursuant to jury verdict for $13,835. The county court commissioners had awarded $4,582.50.

The appellant presents three assertions of error: (1) It was error to exclude evidence of the prices paid in comparable sales, (2) error in admission of evidence of sales of two and three-acre tracts because not comparable, (3) court's failure to set aside verdict for irregularity in reception and modification of the verdict.

The Department of Highways offered only one witness as to the value of the land and consequent damages. (This trial was prior to our decision in Commonwealth, Dept. of Highways v. Sherrod, Ky., 367 S.W.2d 844.) The witness gave evidence reflecting his competence as an appraiser of the land involved. He was asked whether he had considered comparable sales, and replied that he had, but the court

refused to permit the witness to relate the details of the sales. Appellees' objections were that the purported sales were, in fact, not comparable. The details of the sales were presented by avowal. The comparables sought to be used ranged from 2 to 8 miles from the instant land; some of them lie on roads inferior to US Highway 41 on which the land in controversy is located. However, the appellant's witness asserted that he considered the properties to be comparable, and said that he had made normal appraisal adjustments for differences in location and other factors.

We think the trial court erred in refusing the proffered evidence of the comparable sales. The value and admissibility of evidence of comparable sales in cases of this type is beyond challenge. Com., Dept. of Highways v. Oakland United Baptist Church, Ky., 372 S.W.2d 412. Our cases recognize the need for a preliminary showing of comparability. Stewart v. Com., Dept. of Highways, Ky., 337 S.W.2d 880. The cases just cited, and others, point out that exactly comparable sales are not likely to be found, and take the realistic view that "where the properties are reasonably similar, and a qualified expert states his opinion that they are sufficiently comparable for appraisal purposes, it is better to leave the dissimilarities to examination and cross-examination than to exclude the testimony altogether." Stewart v. Com., Dept. of Highways, Ky., 337 S.W.2d 880, 884.

The question at hand has been so recently and thoroughly considered in West Kentucky Coal Co. v. Com., Dept. of Highways, Ky., 368 S.W.2d 738; Com., Dept. of Highways v. Finley, Ky., 371 S.W.2d 854, and the cases therein discussed, we will not undertake to restate the rulings and views of the court. It is sufficient to observe that we consider the cited cases as governing the case at bar and impelling reversal of the judgment for error in rejecting the evidence of comparable sales.

We find no merit in the appellant's contention that it was error to admit appellees' evidence relating to sales of tracts of two and three acres. There was competent evidence relating to the adaptability of the subject land for subdivision. Since, upon another trial, the question of total award will be presented as prescribed in the Sherrod case, supra, the comparable sales of the small tracts will properly relate to values, both before and after the taking.

We do not reach the asserted error in the manner of receiving the jury's verdict and permitting its modification, since this will not recur at another trial.

The judgment is reversed for proceedings consistent with the opinion.

PALMORE, J., not sitting.