**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**Norris P. PARSONS et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 23, 1964.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Paul E. Hunley, Dept. of Highways, Frankfort, for appellant.

Robert R. R. Boone, Pineville, for appellees.

MILLIKEN, Chief Justice.

To obtain right of way for construction and relocation of Highway 119 between Pineville and Harlan, the Commonwealth of Kentucky, Department of Highways, brought proceedings under KRS 177.081 through 177.089 to condemn 7.41 acres of appellees' land. The Commissioners awarded appellees $3,000 for land taken and $2,000 for damages to the remaining property. The Commonwealth appealed the judgment, but the condemnees did not. Upon a jury trial in the Bell Circuit Court, the appellees were awarded $3,500 for the property taken and $1,500 for damages to the remaining property.

Appellees owned a 57-acre tract of steep woodland on the north side of existing Highway 119, and 0.26 acre of level ground on the south side of existing Highway 119. On the larger tract is situated a cemetery with access to existing Highway 119 by means of a gravel surfaced road. In relocating Highway 119, the Commonwealth took from appellees a 7.41-acre east-west strip, approximately 7.15 acres being taken from the larger tract north of existing Highway 119 and 0.26 acre being taken in its entirety from the smaller tract south of existing Highway 119. In all, 7.15 acres were taken for a permanent right of way; .02 acre was taken for a temporary easement to construct an entrance; and 0.26 acre was taken in fee simple. Remaining after construction of the relocated Highway 119 are 45 acres to the north of the new road and 5 acres south of the new road, the 5 acres being bounded by relocated Highway 119 and existing Highway 119. On the latter 5-acre tract is located the cemetery to which the state built a service entrance. No access road was built to the 45-acre tract north of relocated Highway 119.

Appellant contends that the appellees' three witnesses were not qualified as expert valuation witnesses and that their testimony should have been subject to appellant's motion to strike. Appellant objects to the testimony of Norris Parsons, the landowner, who had dealt in real estate in the community for over thirty years, because he did not give a basis for the figures he used to establish that the market value of the property was $25,000 before the taking and $12,500 after the taking. Though his testimony is somewhat confusing because he gave a separate value of $700 for the 0.26-acre tract taken in its entirety, he was a qualified appraisal witness and his testimony was competent and of probative value.

Appellant takes exception to the testimony of Robert Hensley because he gave no basis to support his values. Robert Hensley owns property at Calloway where the appellees' land is located. As a mem-

ber of the Board of Education, he has purchased several parcels of property for school construction sites, one site being 1,000 feet from the appellees' property. Also, Robert Hensley has appraised property in the neighborhood for loans by the First Federal Savings & Loan Association. He established that he is familiar with the cuts and fills of the new road construction, that he has been over most of the property, and that he has bought and sold property in that area. Robert Hensley testified that the value of the property was $22,500 before the taking and that the property remaining after the taking is worth $10,000. He apportioned the $12,500 difference to $7,500 for the land taken and to $5,000 for damages to the land remaining.

Appellees' third valuation witness, Green Howard, who is a resident of the same community in which the appellees' property is located, testified that he had been familiar with the Parsons' property and that he, along with two other relatives, owns 200 to 300 acres adjoining the Parsons' land. He had observed what property had been bringing during the last twelve years when there had been an active real estate market in the community.

We think Mr. Parsons and his witnesses were qualified to testify as to the market value of the land condemned and that their testimony was competent. The circumstances of the taking were such as to lend credibility to the testimony. Commonwealth, Department of Highways v. Tyree (1963), Ky., 365 S.W.2d 472, 477; Commonwealth, Department of Highways v. Fister (1963), Ky., 373 S.W.2d 720.

■ We are compelled to reverse so much of the judgment as exceeds in any particular the amount allowed the landowners by the Commissioners of the county court, because the landowners here did not appeal. Since the landowners obtained $500 more in the Circuit Court for the land taken than they were awarded by the Commissioners in the county court ($3,500

as compared to $3,000), we direct that the Circuit Court judgment be reduced $500 accordingly. In Commonwealth, Department of Highways v. Berryman (1963), Ky., 363 S.W.2d 525, we pointed out that the governing statute, KRS 177.087, limits the questions to be considered on appeal to the Circuit Court from the county court to those raised in the original exceptions or statement of the grounds of appeal and said:

> "The jurisdictional question we have found to be decisive on this appeal was not raised by the Commonwealth. However, it is disclosed by the record, and we are bound to take cognizance of any defect that may invalidate the judgment under review. 'On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first of the reviewing court, and then of the court from which the record comes. This question cannot, so far as jurisdiction of the subject-matter is concerned, be waived by the parties or overlooked by the court. It is, therefore, open for the consideration of the reviewing court whenever it is raised by any party, or it may even be raised by the court of its own motion.' "

The jury followed the instructions of the court, found separately the amount allowed for the land taken and the amount allowed as consequential damage to the remainder and did not exceed the total amount awarded by the Commissioners; the jury merely allocated the total amount differently by reducing consequential damage by $500 and adding that amount to the basic limitation of $3,000 for the land taken. This the jury was not entitled to do. Commonwealth, Department of Highways v. Berryman, above.

The judgment is affirmed in part and reversed in part and the trial court is directed to enter judgment in accordance with this opinion—$3,000 for the land taken and $1,500 for consequential damage.