**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

v.

**Margaret PARKER, Appellee.**

Court of Appeals of Kentucky.

March 19, 1965.

Robert F. Matthews, Atty. Gen., Wm. A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Dandridge F. Walton, Madisonville, Robert L. Hall, Covington, for appellant.

L. B. Lawton, Henderson, for appellee.

HILL, Judge.

This appeal from the Henderson Circuit Court involves the taking by the appellant of a strip off the front of appellee's lot located in the city of Henderson for the purpose of widening of U. S. 41. The strip sought is about 10 feet wide and extends 337 feet, the entire length of appellee's lot, and contains about 3253 square feet.

Judgment in the county court was for $5500.00 for land and $2500.00 damages to the remainder of the lot, the total being the amount fixed by the county court commissioners. From this judgment both parties prosecuted appeals to the Henderson Circuit Court, where a jury awarded appellee $10,000.00 for land and $1300.00 for rental of temporary easement, making a total verdict of $11,300.00. From the judgment entered on this verdict only the Commonwealth appeals.

The argument and grounds assigned by appellant for reversal are as follows:

1. The court erred in not giving the instructions and verdict form offered by the appellant.

2. The court erred in refusing to strike the testimony of appellee's witness, Cheaney.

3. The verdict is excessive and is not supported by sufficient evidence of probative value.

The judgment appealed from is dated September 11, 1963. The date of taking is November 26, 1962.

First, to the instructions. This case was tried before Commonwealth, Department of Highways v. Sherrod, Ky., 367 S.W.2d 844 (1963). The instructions given in the present case have been uniformly upheld by this Court. We think the issues were properly presented to the jury.

■ It is next insisted the trial court erred in overruling appellant's motion to strike the testimony of John Cheaney because he did not consider a restriction in

appellee's deed and because he admitted he considered disadvantages to the remaining property. These matters were proper considerations for the jury to take into account in weighing his evidence. They were not sufficient to justify disregarding his evidence.

Appellee introduced three other witnesses to which there was no objection. One fixed total benefits for appellee at $29,157.00, another at $22,003.00, and the third at $24,370.00. So, eliminating the evidence of Cheaney, which we do not do, there is sufficient evidence to support the verdict. To repeat, the verdict was $11,300.00.

The final ground urged by appellant for reversal is the verdict is excessive and is not supported by sufficient evidence of probative value. The evidence referred to in the preceding paragraph fully answers this contention.

The judgment is affirmed.