**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,**

**v.**

**Dallas R. ELKIN et ux., Appellees.**

Court of Appeals of Kentucky.

Nov. 24, 1967.

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Frankfort, Charles W. Huddleston, Bowling Green, for appellant.

G. D. Milliken, Milliken & Milliken, Bowling Green, for appellees.

EDWARD P. HILL, Judge.

This is an appeal from a circuit court judgment for $5000 in a highway condemnation case. The amount of the county court judgment was $3760.40, from which only the Commonwealth appealed.

The judgment of the circuit court cannot exceed the amount of the judgment in the county court. Cf. Commonwealth, Department of Highways v. Berryman, Ky., 363 S.W.2d 525 (1962); Commonwealth, Department of Highways v. Parsons, Ky., 383 S.W.2d 360 (1964); and Commonwealth, Department of Highways v. Johnson, Ky., 403 S.W.2d 691 (1966).

Appellant contends that the circuit court judgment is erroneous and should be reversed for the following reasons: (1) The landowners not having appealed from the county court judgment, the amount of the circuit court judgment cannot exceed the amount of the county court judgment, (2) the verdict is grossly excessive and unsup-

ported by sufficient probative evidence, and (3) incompetent evidence was admitted over its objections.

We agree with appellant that the circuit court judgment must be reversed as it exceeds the amount of the county court judgment. But we still are confronted with the question of whether or not a judgment in the amount of the county court judgment is proper. In other words, if the evidence in the circuit court was competent and proper, we may reverse the judgment with directions to enter one for the identical amount of the county court judgment. Therefore, we must answer the remaining questions presented by appellant that contend the amount of the verdict, whether it be the circuit court judgment or the county court judgment, is grossly excessive and that the witnesses for the landowners considered improper factors in determining the before value.

Inasmuch as we conclude the judgment should be reversed for introduction of incompetent evidence and for error of the trial court for failure to exclude the evidence based upon improper factors, we shall not pass upon the question of whether or not the judgment for $3760.40 is excessive.

Before proceeding to the question of competency of evidence, we note that the taking involved .31 of an acre of appellees' land located in the northwest corner of the intersection of Grider Pond Road, a county road, and U. S. Highway 231. Before the taking appellees' property consisted of four acres with a frontage on U. S. 231 of 206 feet and a depth of 840 feet running back along Grider Pond Road. The residence was situated at the rear of the tract with a driveway from Grider Pond Road. The area condemned is a strip 67 feet in depth across the entire frontage on U. S. 231. None of the improvements or accesses were affected by the taking.

The project for which the right of way was acquired was the reconstruction of U.

S. 231 from a two-lane highway to a four-lane highway divided by a median and designed to serve as a connector to the I-65 interchange approximately four miles from Bowling Green.

The testimony to which appellant strenuously objects and moved the trial court to strike was that of the landowners' witnesses C. W. Long and Edgar Walker. These witnesses readily admitted they based their before value on the contemplated construction of the Greenwood Interchange for I-65. Long was asked and answered the following questions:

"Q. 84 Do you think that that Elkin's property would be worth anything close to that without the US 231 improvement and the Greenwood Interchange?

"A. Not as great I would say,—no. But when I made my appraisal I made it knowing that the I-65 was there and 231 improvement was in the making."

* * * * * *

"Q. 86 Can you make an appraisal now or would it be fair to ask you what in your opinion would be the fair and reasonable market value of the total Elkin's property before the taking assuming there would be no Greenwood Interchange or improvement of 231?

"A. I couldn't give you an answer on that just offhand—no."

The witness Edgar Walker was asked and answered as follows:

"Q. 29 In other words in your appraisal those enhancement factors are essential to your before value of $40,000.00?

"A. Of course this road has pushed values up out there. There is no question about that."

In Tharp v. Urban Renewal & Community Develop. Agency, Ky., 389 S.W. 2d 453, 456, this court said:

"* * * We adhere to the rule that the property owner is entitled to the value of his property taken by condemnation as of the taking date; however, we have recognized the corollary rule that the 'before' valuation date is at the time just before it was generally known that the public project would be performed. Com. of Ky., Dept. of Highways v. Wood, Ky., 380 S.W.2d 73, and cases there cited. The rationale for the rule is that the landowner is not to be penalized for any depreciation in value attributable to the public's learning of the condemnation, nor is the condemnor to be required to pay for any enhancement in values which may be attributable to the proposed project."

We conclude that the testimony of Long and Walker pertaining to the before value of landowners' property was based upon market value after it was generally known that the project was to be developed. Their testimony should have been stricken.

Further complaint is made of the testimony of Edgar Walker for the reason that he did not consider the value of improvements on the landowners' property in arriving at his after value. He admitted that he did not consider the improvements but was only placing a value on the land taken. At any rate, this situation may not develop on another trial of this case.

The judgment is reversed with directions to grant appellant a new trial in conformity with this opinion.

All concur.