COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,

v.

Rachel LAWSON et al., Appellees.

Court of Appeals of Kentucky.

March 15, 1968.

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Frankfort, Ben D. Smith, Smith & Blackburn, Somerset, for appellant.

Joe S. Feather, G. G. Teague, Jr., W. B. Early, Williamsburg, for appellees.

DAVIS, Commissioner.

In this highway condemnation suit, the Department is acquiring 4.11 acres out of a tract originally containing 5.55 acres located within the city limits of Williamsburg. Prior to the taking, the property had frontage on Main Street for 550 feet and frontage on North 12th Street for 750 feet. Situated on the Main Street frontage, and undisturbed by the taking, are a frame dwelling and old store building. The house had been remodeled about thirty-seven years ago and was shown to be a 1½ story frame dwelling with brick foundation. The store building is of frame construction containing 1,360 square feet and in reasonably good condition, but it had not been used for about eight years prior to the date of trial.

The jury found a before market value of $35,000 and an after market value of $15,000, which resulted in its verdict of $20,000. The Department appeals from the judgment entered upon the verdict and asserts only that the verdict is excessive and "not sufficiently supported by evidence of probative value."

Two appraisal witnesses for the Department fixed before values ranging from $25,000 to $25,500 and after values from $18,000 to $19,100. According to their evidence, the difference in before and after values ranged from $7,000 to $6,400. Three well-qualified witnesses for the landowners gave opinion evidence reflecting before values of $35,000 to $37,000 and after values of $15,000 to $15,500. The difference in before and after values according to these witnesses ranged from $20,000 to $22,500.

Certain sales of other property which the witnesses considered to be comparable to the land involved here were referred to by witnesses for both sides. Particular significance was ascribed to a sale of a town lot two blocks from the land here being taken for $6,250. It was shown that the lot was unimproved and contained about 1.25 acres. There was evidence of a sale of another lot just across the street from the subject property for $6,000. That property was also unimproved and its dimensions were 150 by 158 feet. It is noted that the verdict allows about $4,866 per acre for the bare 4.11 acres being taken.

The sales just mentioned were of property lying more level than the property taken in this case. There are photographs in the record which depict the taken land as overgrown with timber and being quite hilly. The jury could have concluded that the property being acquired here, by reason of its topography, had substantially less value than the nearby lots to which the witnesses referred as comparable sales. The witnesses for the landowners undertook to refute the idea that the land being acquired was less valuable than that mentioned in the comparable sales by reason of its topography. The jury viewed the premises and heard all of the evidence. Although the verdict seems quite liberal, we are unable to say that it strikes the court at first blush as excessive, nor are we able to say that the evidence adduced by the landowners was so lacking in probative value as to fail to support the jury's verdict. Upon the authority of Com., Dept. of Highways v. Parker, Ky., 388 S.W.2d 370, and Com., Dept. of Highways v. Burton, Ky., 398 S.W.2d 689, the verdict is not regarded as palpably excessive.

The judgment is affirmed.

HILL, MILLIKEN, PALMORE and STEINFELD, JJ., concur.