**COMMONWEALTH of Kentucky, DEPART- MENT OF HIGHWAYS, Appellant,**

**v.**

**Mrs. Allie B. SEARCY et al., Appellees.**

Court of Appeals of Kentucky.

March 29, 1968.

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Dept. of Highways, Frankfort, George F. Williamson, Clark, Manby & Williamson, LaGrange, for appellant.

John Berry, Jr., Berry & Floyd, New Castle, for appellees.

DAVIS, Commissioner.

In this condemnation suit, the jury's verdict fixed the before value of appellees' farm at $30,000 and the after value at $14,000, resulting in a verdict of $16,000. The Department of Highways appeals from the judgment entered on that verdict, asserting that the verdict is palpably excessive and not supported by evidence of sufficient probative value.

The land in question is comprised of a farm which contained one hundred acres before the taking, fronting on Dividing Ridge Road about ten miles from Carrollton. The right-of-way requirements for Interstate Highway 71 included a fee taking of a strip containing 15½ acres plus a permanent easement of ½ acre for drainage purposes. After the taking there remains a tract of 26.2 acres, fronting on Dividing Ridge Road upon which are located the house, a barn, and some outbuildings.

The taking effects a landlocking of a tract of 54.4 acres, to which no access is available. Within the land taken was a never-failing spring and a cistern and lake.

Witnesses for the Department expressed opinions of before value ranging from $19,000 to $20,000 and after value from $12,300 to $12,840, with resulting differences of $6,700 and $7,160. Three appraisal witnesses for appellees gave opinions of before value ranging from $38,000 to $40,000 with after value ranging from $12,000 to $14,000. Two of these witnesses expressed opinions that the difference in before and after value was $26,000, and one estimated $28,000 as the difference.

Since the jury found the after value as $14,000, it is apparent that the only point of departure in the appraisements made by the various witnesses is in their before values.

The Department relies heavily upon testimony concerning sales of nearby farms, with particular emphasis being placed on two sales of portions of the Albert Davis estate, adjoining the subject property. One of the Davis tracts which contained 17½ acres sold for $190 per acre; another, containing 132 acres, brought about $170 per acre. Both of these tracts were sold within a month of the date of taking in the present case. It is to be observed that the jury's verdict ascribed before value to the Searcy farm of $300 per acre. The Department strongly urges that the sales of land adjoining the Searcy tract for substantially less per acre conclusively demonstrate the palpable excessiveness of the jury's verdict.

The appellees counter this argument by pointing to evidence presented in their behalf tending to reflect a substantially higher value of the Searcy land over the Davis land. The witnesses for the appellees acknowledged the verity of the Davis sales, but insisted that by reason of topography, character of maintenance, and situation of drainage and water supply, the Searcy land

was substantially more valuable than the Davis land. The witnesses for appellees evinced qualifications by reason of experience and observation enabling them to testify competently about the values at issue. Their explanations of the distinctions between the values of other lands and the Searcy land were reasonable and sufficient in probative value to support the jury's verdict. In this state of case, we will not disturb the verdict even though it appears to be liberal. Com., Dept. of Highways v. Tyree, Ky., 365 S.W.2d 472.

The judgment is affirmed.

WILLIAMS, C. J., and EDWARD P. HILL, MILLIKEN, OSBORNE, PALMORE and STEINFELD, JJ., concur.