**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,**

v.

**Ruth SHARP et al., Appellees.**

Court of Appeals of Kentucky.

June 7, 1968.

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Frankfort, Eugene H. Clark, Robert E. Cato, Manchester, for appellant.

C. B. Upton, Williamsburg, for appellees.

CLAY, Commissioner.

The Commonwealth appeals this condemnation case on the sole ground that the damage award of $10,000 is palpably excessive.

The property involved is a residential lot in Williamsburg. It had a frontage on the highway of 65 feet and a depth of 175 feet. Situated on it was a one-story frame house and a garage. The house was located about 40 feet from the old right of way line. The Commonwealth condemned a 40-foot strip and thereby took the entire front yard (which had on it two fine shade trees).

The witnesses for the Commonwealth and the landowners were in substantial agreement with respect to the after value of the property (which ranged from $4,500 to $5,300). The jury found it to be $5,000. Therefore the contention that the verdict is palpably excessive must be based on the impropriety of the jury finding the before value to be $15,000.

The Commonwealth's first contention is that actually the highway was widened only

two feet and therefore the landowners could not have been substantially damaged. Obviously this contention is without merit since the Commonwealth has taken title to a 40-foot strip and the highway could be widened tomorrow right up to the landowners' front steps within the newly acquired right of way. (It may also be noted that the Commonwealth's witnesses found a substantial depreciation in value by reason of the taking.)

█ It is next said that percentagewise the award of $10,000 is obviously excessive. The point is made that for the taking of 22 percent of the property, and leaving the improvements, the jury made an award of two-thirds of the before value of the entire lot. While in cold figures this might cursorily appear extravagant, this approach ignores the nature of the property taken and its essentiality as a component of the residence. As the witnesses testified, and as is a matter of common knowledge, the taking of the entire front yard of a residence (thereby in effect moving the highway over to the front porch) would greatly impair the market value of the residence. The damage in this case cannot be fairly measured by the relative amount of land taken or its independent value unrelated to the house.

It is contended that if the property taken has a value of $10,000, the entire lot would have a projected value of $45,000, without improvements. Here again the projected figure does not present a fair picture as it did in Commonwealth, Dept. of Highways v. Doolin, Ky., 411 S.W.2d 44. Simply considered as land, the 40-foot strip taken was practically worthless, but as a part of the residence it was quite valuable, as all of the witnesses in effect testified.

█ Another complaint is that one of the landowners' witnesses referred to a sale of another lot in the neighborhood which the Commonwealth says was not comparable because it was vacant. The sale was referred to as one of the factors on which the witness based his opinion of the value of the residential property. Admittedly it was simply foundation evidence supporting an opinion of lot property values in Williamsburg. When used for this purpose, close similarity is not required. West Kentucky Coal Company v. Commonwealth, Ky., 368 S.W.2d 738. In any event, we cannot say that the witness' consideration of this sale destroyed the probative value of his testimony.

As we pointed out earlier in this opinion, the claim of excessiveness must be based upon the proposition that the opinions of the landowners' expert witnesses with respect to the market value of this house and lot before the taking are unbelievable. We cannot as a matter of law take such a view. These witnesses were well qualified. They knew property values in Williamsburg a lot better than we. There is no ground upon which we could justifiably disregard their evidence. This being so, we cannot say that the jury in accepting their valuations returned an excessive verdict.

The judgment is affirmed.

WILLIAMS, C. J., and MILLIKEN, OSBORNE and PALMORE, JJ., concur.

MONTGOMERY and STEINFELD, JJ., dissent.

STEINFELD, Judge (dissenting).

The highest "before value" expressed by any witness was $15,000.00, and this was the verdict of the jury. There remained the residence and sufficient land to serve it. Before the taking the property fronted on a street only slightly improved. The taking was for the construction of a modern thoroughfare which will enhance the value of the remainder. I cannot agree that an award of $10,000.00 was not excessive when there remained a residence and sufficient land to serve it.

MONTGOMERY, J., and I respectfully dissent.