COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Roy M. CAIN et al., Appellees.

Court of Appeals of Kentucky.

Nov. 22, 1968.

———◆———

Robert F. Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Carl T. Miller, Jr., Frankfort, for appellant.

Earl R. Cooper, Marcus Mann, Salyersville, for appellees.

CLAY, Commissioner.

In this highway condemnation case the jury awarded the landowners $20,000 for about 12½ acres of land taken. The Commonwealth contends the award was palpably excessive and that certain evidence lacked probative value and should have been stricken.

Appellees owned an irregularly shaped 200-acre tract of land near Salyersville. Some of it was hilly but the right of way traversed some of the best bottom land. In constructing the road, fills were necessary at various places which impaired the value of some of the remaining land for residential building lot purposes.

The Commonwealth's expert witness estimated the difference between the before and after value to be $8,800. The landowners' witnesses fixed that difference as being between $25,000 and $33,000. As before noted, the jury awarded $20,000.

It is contended by the Commonwealth that the award was palpably excessive because it amounted to an allowance of $1,600 an acre and constituted one-fifth of the value of the whole farm for the taking of only one-sixteenth of it. While these bald figures tend to indicate an excessive award, there are other factors involved. The award of course is not based on the value of the land taken but encompasses the impairment in value, if any, of the remaining land by reason of the taking. Though this was farm land, the witnesses testified about its building lot potential along a pre-existing highway which was

**314**

substantially impaired by reason of fills in the new highway. In addition, the new highway (though not non-access) effectively segregated an 11-acre area of valuable bottom land from the rest of the farm and an adequate water supply. The decreased value of the remaining land involved so many factors peculiar to this area that we cannot say as a matter of law the landowners' witnesses' valuation testimony lacked probative value to support the award. While it was substantial, we are not in a position to say that it was palpably excessive.

It is next contended the trial court should have stricken the testimony of two of the landowners' witnesses because the comparable sales considered by them involved property which had been divided into lots for sale. There was evidence in this case, as before mentioned, that some of the property did have a building lot potential. The matter of comparability is normally one about which the expert witness expresses his opinion just as he gives his opinion concerning values. See Commonwealth, Dept. of Highways v. Caudill, Ky., 388 S.W.2d 376. We cannot say as a matter of law that the sales referred to had no relevance to the valuation evidence presented in this case. Comparability or non-comparability is a matter to be developed by examination of the expert witness and its lack of probative value, if any, is arguable to the jury. See Commonwealth, Dept. of Highways v. Finley, Ky., 371 S.W.2d 854. We do not think the trial court erred in declining to strike the expert testimony because the witnesses alluded to sales which may have been of questionable comparability.

The jury verdict appears to have been fairly arrived at and it was supported by sufficient substantial evidence of probative value. We find no reversible error.

The judgment is affirmed.

MILLIKEN, PALMORE, STEINFELD and WILLIAMS, JJ., concur.