URBAN RENEWAL AND COMMUNITY DEVELOPMENT AGENCY OF LOUISVILLE, A Public Entity, Appellant,

v.

Herbert H. MONSKY et al., Appellees.

Court of Appeals of Kentucky.

Nov. 29, 1968.

Rehearing Denied Feb. 7, 1969.

Dennis J. Haugh and Robert W. Zollinger, Louisville, for appellant.

Herbert H. Monsky and Lawrence S. Grauman, Louisville, for appellees.

JOSEPH J. BRADLEY, Special Commissioner.

In condemnation proceedings instituted by the Urban Renewal and Community Development Agency of Louisville appellees obtained a judgment, pursuant to the jury's verdict, for $53,500.00 as damages for the taking of their property.

Appellant contends that the court erred in ruling the date of taking as August 1960 instead of June 28, 1963, when the interlocutory decree was entered. Appellant's witness, H. A. Lewis, director of the re-newal agency, testified that in 1957 a multi-million-dollar bond issue was approved by the voters of Louisville which was to finance this and other local projects. The preliminary plans for the project were released by the agency and published in the Courier-Journal the same date, August 18, 1960.

The evidence discloses that the appraisal witnesses for the appellant, with the exception of those whose testimony was excluded and entered by avowal, made their respective appraisals of the appellees' property in October 1960, which were as follows: $40,-500.00, $35,500.00 and $40,500.00. The avowals of three other witnesses for appellant related to estimates made in May 1963, and each fixed the property value at $38,000.00. Appellees' witnesses appraised the property in August 1960 and estimated its value between $60,000.00 and $65,000.00.

■ The court is committed to the rule that the value of property taken by condemnation proceedings is to be measured by the fair market value just before it was generally known that the public project would be performed. Tharp v. Urban Renewal, Ky., 389 S.W.2d 453; Commonwealth of Kentucky, Department of Highways v. Elkin, Ky., 420 S.W.2d 688. In Tharp, this court said:

"* * * We adhere to the rule that the property owner is entitled to the value of his property taken by condemnation as of the taking date; however, we have recognized the corollary rule that the 'before' valuation date is at the time just before it was generally known that the public project would be performed. * * * The rationale for the rule is that the landowner is not to be penalized for any depreciation in value attributable to the public's learning of the condemnation nor is the condemnor to be required to pay for any enhancement in value which may be attributable to the proposed project."

Appellant urges that the rule as stated in Tharp fixes the "date of taking" as the date of which the property is to be valued. The trial court correctly interpreted the rule and,

accordingly, limited the evidence with respect to the valuation of the property to August 1960, which he determined was just before it was generally known that the project was to be undertaken.

It is to be noted that the estimates of value made by the appellant's witnesses, excepting those which were excluded and entered by avowal, were made within two months of those made by the witnesses for the appellees. It is to be further noted that the estimates as given by appellant's witnesses, including the avowals, showed an average difference in value of some $800.00 less in 1963 than in 1960. As we have said, the date assigned by the court for determining the value of the property was proper, but had it been otherwise we find that appellant is in no position to complain because of the little or no material disparity in its estimates of 1960 and 1963.

Appellant complains that the trial court erred in excluding the testimony of its witness, Mr. McDonough, relating to comparable sales. The property in this case consisted of a lot 32 x 200 at the southwest corner of Tenth and Magazine Streets. There were three brick buildings thereon of 2, 3 and 4 stories containing 64 rooms, which included a small store and twelve apartments.

The witness, McDonough, estimated the value of the condemned property at $32,-250.00. The witness was well qualified from training, experience and investigations to give his opinion of values as an expert appraiser. The trial court rejected the witness' reference to comparables on the ground that there was not a satisfactory showing of comparability. The excluded evidence relating to sales of comparable property was: (1) Property located at 1118–1120 West Market. By avowal it was shown that this property included two stores and six apartments and sold in 1958 for $12,700.00. (2) The sale of the property at 924–928 West Market. It was avowed that the property was sold in 1959 for $16,500.00. The improvements thereon consisted of two stores and 24 rooms. (3)

Again, by avowal, the witness testified to the sale of the property at 734 West Jefferson. This property was sold in 1958 for $12,500.00. It was a corner lot with a 3-story brick building thereon containing one store and four 3-room apartments.

Admittedly, the appellant's comparables were not exactly similar. However, they were of sufficient similarity for purposes of comparison. They were income-producing, containing stores, apartments and rooms. They were located within the same economic use and metropolitan trade area. While they were of less value than the property being condemned, the witness made allowances for that in reaching his value on the condemned property.

■ In Stewart v. Commonwealth, for Use and Benefit of Dept. of Highways, Ky., 337 S.W.2d 880, 884, this court reversed because evidence of what witnesses said were comparable sales was excluded, stating:

"Therefore, where the properties are reasonably similar, and a qualified expert states his opinion that they are sufficiently comparable for appraisal purposes, it is better to leave the dissimilarities to examination and cross-examination than to exclude the testimony altogether."

This statement in the Stewart case has been reiterated in a number of later opinions, which reflect the attitude of the court that where the properties are reasonably similar, the expert witness must be allowed great latitude in determining the matter of comparability; that dissimilarities go more to the weight than to the competence of such testimony. Bennett v. Commowealth Dept. of Highways, Ky., 417 S.W.2d 143, 145. We are of the opinion that the testimony should have been admitted and that it was error to reject it.

■ Appellant next contends that in the cross-examination of its witnesses the appellees employed an improper standard in seeking to impeach their testimony. It is urged that in three or four instances appellees endeavored to restrict the wit-

**80**

ness' answer to exact comparables. We do not so interpret the questions referred to. However, assuming that the questions may be so interpreted, they did not have the desired effect as the witnesses used those properties they regarded as similar in character and comparable to the property condemned.

 Appellant concludes with the question: Is an offer admissible to establish value in condemnation proceedings? The answer, of course, is no. The record does not reveal the admission of any such evidence. This question is directed to the statement made by the witness, Mr. Steppenfield, who based his valuation of the property on the income he would expect therefrom. There was no reference to an offer in the witness' testimony.

The judgment is reversed with directions for a new trial.

All concur.