COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Mattie COLE, Appellee.

Court of Appeals of Kentucky.

Dec. 13, 1968.

Rehearing Denied March 21, 1969.

Robert F. Matthews, Atty. Gen., H. C.
Smith, Asst. Atty. Gen., Frankfort, Eugene
H. Clark, Robert E. Cato, Manchester, for
appellant.

Charles G. Cole, Cole & Cole, H. M. Tye,
Barbourville, for appellee.

CLAY, Commissioner.

In this highway condemnation case the
landowner was awarded $12,000 for the
taking of 3.73 acres from a 61-acre tract.
Several errors are urged for reversal but
we think one is dispositive of this appeal.

The trial judge sustained a motion to
strike the testimony of both the Common-
wealth's expert appraisal witnesses. The
competency of the testimony of only one of
them is here involved. This witness was a

senior right-of-way appraiser for the Highway Department. He had been engaged in this activity six years and testified he had studied the market and talked with knowledgeable people in Knox County with respect to property values. He was familiar with the tract with which we are concerned and the nature of the taking. After stating he based his appraisal of the property upon comparable sales, he referred to three of them, describing the characteristics of the other properties. On cross-examination he was unable to identify *by name* the person or persons from whom he had learned the sales prices of these properties, although with respect to one he said he had confirmed the price by a reliable person.[1] On motion of the landowner the court struck all of the testimony of this witness, leaving the Commonwealth with no valuation evidence.

It should be noted that no one questioned the sales prices referred to by the witness and his before-value estimate was only $1250 less than that of the landowner's only expert witness.

We have heretofore held that it is not necessary that a witness refer specifically to *any* comparable sale. Commonwealth, Dept. of Highways v. Tyree, Ky., 365 S.W. 2d 472; Commonwealth, Dept. of Highways v. Harris, Ky., 413 S.W.2d 78; and Commonwealth, Dept. of Highways v. Woolum, Ky., 415 S.W.2d 83. It may be observed here that consciously or unconsciously any expert on real-estate values must necessarily have in mind sales of other properties, whether comparable or uncomparable. Otherwise he could not express an intelligent opinion of property values.

Due to practical necessity, we also have been rather liberal in permitting the expert witness to use his own judgment with respect to comparability. See Commonwealth, Dept. of Highways v. Searcy, Ky.,

426 S.W.2d 448; Commonwealth, Dept. of Highways v. Sharp, Ky., 429 S.W.2d 371; and Commonwealth, Dept. of Highways v. Cain, Ky., 434 S.W.2d 313. We have declined to exclude evidence of expert real-estate appraisers relating to comparable sales although the information with respect to sales prices was based upon hearsay. Stewart v. Commonwealth, Dept. of Highways, Ky., 337 S.W.2d 880. In that case we observed that accurate professional appraisals of this nature are almost entirely based on what could be denominated in the legal sense "hearsay". See also Maxwell v. Commonwealth, Dept. of Highways, Ky., 404 S.W.2d 9.

The valuation opinion of a qualified real-estate appraiser necessarily must be founded upon information obtained in many ways from many sources. In a condemnation suit the verity of these sources is not on trial (although they could be specifically attacked and shown to be inaccurate or irrelevant). It simply would not be reasonable to make the *competency* of opinion evidence dependent upon the ability of the expert to identify with particularity all those sources from which he had obtained his professional information. The nature or unreliability of such information of course can be shown, but this goes to the credibility, not the competency, of his appraisal.

If the witness whose testimony we are considering had made no reference to other sales, his appraisal would have been competent (although these sales would have been one of the bases of his estimates). It would seem rather incongruous to rule that because he did refer specifically to other sales his entire testimony would become incompetent if he could not identify by name the specific source of his information. While it may have reflected on his credibility, it did not as a matter of law invalidate his ultimate opinion.

1. The apparent reason for the witness' failure to recall the exact sources of his information is that he was testifying some three years after he had made the appraisal.

We have already observed that the correctness of the sales prices to which the witness referred was not questioned, and his before-value appraisal was very close to that of the landowner's only witness. It may be further observed that the landowner's witness used as comparables the sales of small commercial lots, whereas, the property here involved is a relatively large rural tract with a potential for residential use. It seems to us that in many condemnation cases of this sort the collateral controversy over comparables assumes undue prominence. In any event, their relevancy goes to the probative value of the expert's opinion, not its competency. See Commonwealth, Dept. of Highways v. Stocker, Ky., 423 S.W.2d 510; Commonwealth, Dept. of Highways v. Lawson, Ky., 425 S.W.2d 563; Commonwealth, Dept. of Highways v. Cain, Ky., 434 S.W.2d 313; and Urban Renewal, etc. v. Monsky, Ky., 436 S.W.2d 77 (decided November 29, 1968).

As a general rule, striking the comparables would serve no effective purpose, and their questionable validity would not under ordinary circumstances render incompetent the professional appraisals of qualified experts in this field. The inability of such an expert witness to identify by name the source of his information relating to sales prices of other properties may affect his credibility, but it does not render his professional opinion incompetent. We believe the trial court erroneously excluded the testimony of appellant's witness. Since this was the only valuation evidence for the Commonwealth, its exclusion was obviously prejudicial. (The Commonwealth does not question the propriety of striking the testimony of its other appraisal witness.)

We do not pass on any of the other questions raised on this appeal.

The judgment is reversed, with directions to grant appellant a new trial.

All concur.