Leo August GOETZ et al., Appellants,

v.

COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellee.

Court of Appeals of Kentucky.

Jan. 31, 1969.

Morton Holbrook, William E. Gary, III, Sandidge, Holbrook, Craig & Hager, Owensboro, for appellants.

John B. Breckinridge, Atty. Gen., Frankfort, M. T. Quinton, Jr., Dept. of Highways, Madisonville, Don Duff, Robert J. Rieckhoff, Dept. of Highways, Frankfort, Robert M. Short, Humphreys, Jones & Short, Owensboro, for appellee.

DAVIS, Commissioner.

In this condemnation proceeding the landowners seek reversal on the charged errors that (1) the trial court erroneously denied appellants' right to take the deposition of an expert witness for appellee upon discovery; and (2) the evidence of the expert witness did not have sufficient probative value to sustain the jury's verdict.

■ In due form the appellants undertook to take the deposition upon discovery of O. H. Snyder, professional real-estate appraiser who had been employed by the Department of Highways with a view to giving evaluation testimony in the condemnation trial. Upon advice of the Department's counsel, Snyder declined to answer the questions propounded to him by counsel for the appellant at the pretrial discovery deposition. Appellants made timely motion seeking to compel response to the questions, but the trial court refused to order that the questions be answered. Appellee did not seek any protective order as provided by CR 30.02, but relied on what it considered its right in advising its employed witness not to testify. There are two facets to the problem thus presented: (a) Was it error for the trial court to decline to require Snyder to answer? (b) If so, was it prejudicial error requiring reversal? It is our conclusion that no prejudicial error resulted to appellants by reason of the alleged error; hence, we need not fully answer Question (a) suggested above, although we are mindful of the problems presented.[1]

The appellants point out that on November 12, 1965, Thomas A. Laswell, an official negotiator for the Department of Highways, informed appellants' attorney that O. H. Snyder of Owensboro and Frank Newman of Bowling Green had appraised the Goetz property and fixed a before value at $3,000 per acre for a total of $157,230 with an after value of the property of $86,950, leaving a difference of $70,280 and that the Department would make a round-figure offer of $70,300. Upon trial the Department presented only Snyder as its evaluation witness, and Snyder testified to a before value of $133,500 and an after value of $79,000 for a difference of $54,500. The commissioners in the county court had fixed the award at $110,060. The only suggestion of prejudice which is advanced by appellants is, as found in appellants' brief:

"Appellants went to trial believing that the lowest assessment of their damages would be $70,280.00. They also had in mind the $110,060.00 assessment by the county court commissioners and the appraisals of their own experts. Had they been aware before trial that Snyder's testimony would not coincide with the negotiator's representation, a settlement might well have been reached. The Court's order completely deprived appellants of this valuable information and left them totally unprepared for Snyder's testimony at the trial about values, comparative sales and other relevant factors."

It is observed that the appellants did not ask the trial court to set aside the swearing of the jury and grant them a continuance on the basis of "surprise" at Snyder's testimony. Rather, they proceeded with the trial and took their chances before the jury. Only after the jury returned its verdict reflecting a before value of $159,480, after value of $93,359, resulting in a difference of $66,125, did the appellants seek further relief from the trial court on the basis of

[1]. See 4 Moore's Federal Practice, Paragraph 26.24. Cf. Tiller v. Cincinnati Discount Co., 270 Ky. 685, 110 S.W.2d 420.

not having been allowed to take Snyder's deposition on discovery.

It is at once apparent that no relief which we could now afford would serve to place appellants in the position they occupied before the trial. It seems unlikely that the Department would compromise by payment of $70,280 in view of the jury's verdict for $66,125. It would serve no purpose now to permit appellants to cross-examine Snyder for discovery, since they are fully aware of his testimony given at the trial. In short, we are being asked to accord appellants a new trial and another chance before another jury simply because they may have lost a now irretrievable opportunity to compromise for $70,280. It is apparent that the loss of that opportunity to compromise (if indeed it ever existed) had no effect upon the trial before the jury. The jury had before it Snyder's evidence plus evidence from six expert witnesses presented by appellants and reached its verdict after hearing those witnesses and viewing the property, entirely unaware of any so-called loss of compromise opportunity. It is upon this ground that we are impelled to the conclusion that no prejudicial error was committed by the trial court's refusal to compel a pretrial discovery deposition from Snyder. We reiterate that we are not holding that it was error to deny the discovery deposition anyway.

Appellants' second contention is predicated upon the assertion that the evidence presented by Snyder lacked sufficient probative value to sustain the verdict. The thrust of this argument is that Snyder related details of sales which he deemed comparable to the Goetz property, although the sales occurred four or five years before the taking date. Appellants assert that Snyder ignored the tremendous appreciation of land values in the area resulting from the completion of the new Texas Gas Transmission Corporation office building. We think the short answer to this contention is to be found in the fact that Snyder said he had made adjustments in the appraisement of the Goetz property so as to properly reflect the differences in the sale prices produced through other sales which he deemed to be comparable. We have often pointed out that it is better to leave to the jury the matter of reconciling the differences between the subject property and other properties as reflected in so-called comparable sales. See Commonwealth, Department of Highways v. Cain, Ky., 434 S.W.2d 313; Stewart v. Commonwealth, Ky., 337 S.W.2d 880. For these reasons we believe that the evidence of the Department's witness Snyder did possess sufficient probative value to sustain the jury's findings, particularly when it is noted that the jury fixed its before and after values at sums substantially greater than those presented by Snyder.

The judgment is affirmed.

All concur.