Curtis HATFIELD and Joan Hatfield, His Wife, et al., Movants,

v.

COMMONWEALTH of Kentucky, DE-PARTMENT OF TRANSPORTATION, BUREAU OF HIGHWAYS, Respondent.

Supreme Court of Kentucky.

Jan. 12, 1982.

Kelsey E. Friend, Sr., Kelsey E. Friend Law Firm, Pikeville, for movants.

Alvin Stephen Reeder, Gen. Counsel, Dandridge F. Walton, Dept. of Transp., Frankfort, for respondent.

CLAYTON, Justice.

This court granted discretionary review to consider the Court of Appeals' decision which reversed a jury award of $700,000 for movants in a condemnation proceeding. The two issues presented by this appeal are whether the expert testimony offered by movants on land value was competent, and whether the jury award was based upon sufficient evidence of probative value.

Movants' property consisted of a 3.27 acre tract of prime commercial vacant land located at the intersection of Kentucky Highway 3 and U. S. Highway 23 in Floyd County, Kentucky. When the condemnation proceeding was initiated, the trial court appointed three commissioners to determine the value of the property. The commissioners' report estimated the property was worth $300,000. Both sides filed exceptions to the report, necessitating the trial from which this appeal was originally taken.

Expert witnesses for each side used the fair market value (the difference in value before and after the taking) approach at trial in estimating the value of the tract as of September 15, 1978, the date of taking. Movants' two witnesses gave values of $1,250,000 and $1,290,000 for the land while respondent's expert witnesses testified the land only was worth between $185,400 and $189,500. Respondent attributes the disparity in estimates to movants' use of comparable land sales outside Floyd County, Kentucky, some of which were twenty miles from the property in question. The Court of Appeals held that it was error to allow the jury to consider sales of other property located more than five miles from the tract being condemned, by reasoning

that for land to be comparable it must be close in distance. We reject both the result and reasoning of the court below.

In *Commonwealth v. Oakland United Baptist Church*, Ky., 372 S.W.2d 412 (1963), we allowed evidence of the sale of comparable property to be introduced at a condemnation trial even though the condemned property was located ten miles away. Contrary to the rule fashioned by the Court of Appeals here, we recognized that "distance alone was not a disqualifying factor." *Id.* at 414. In *Commonwealth, Department of Highways v. Finley*, Ky., 371 S.W.2d 854 (1963), not only did we allow the introduction into evidence of similar land sales occurring more than five miles from the property being condemned, but the comparable property was situated in a different county as well. If the land being used for comparison is ill-suited for that purpose due to its location, topography, size, or any other characteristic, its inadequacy should be exposed before the jury during cross-examination just as any other expert witness' testimony is challenged. This approach is consistent with our prior decisions which have allowed expert witnesses who use comparable sales to exercise their own skilled judgment in deciding what constitutes comparable property. *Commonwealth, Department of Highways v. Cain*, Ky., 434 S.W.2d 313 (1968); *Commonwealth, Department of Highways v. Spillman*, Ky., 489 S.W.2d 811 (1973). We think distance more appropriately addresses itself in this case to the credibility of the experts' opinions rather than to the competency of the evidence.

As additional grounds for reversing, the Court of Appeals applied the first blush rule and found that the jury's verdict was so excessive it shocked the conscience. This rule is no more than an abbreviated way of saying the verdict was unsubstantiated by evidence of probative value. *Commonwealth, Department of Highways v. Friend*, Ky., 500 S.W.2d 405, 706 (1973). Having decided already that the land sales used by movants' experts did amount to competent evidence, we only will add that their testimony was of sufficient probative value to preclude application of the first blush rule.

The decision of the Court of Appeals is reversed and the judgment of the Floyd Circuit Court is affirmed.

All concur.