SEWER & WATERWORKS IMPROVEMENT DISTRICT No. 1 *v.* McCLENDON.

4-2923

Opinion delivered May 29, 1933.

*Ned Stewart* and *Searcy & Searcy,* for appellant.

*E. F. McFaddin* and *E. A. Upton,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment of $2,000 recovered by appellee from appellant in the circuit court of Lafayette County for damages resulting to his lands from the construction of a sewer or disposal plant in Lewisville in Lafayette County.

Appellee resided upon 116 acres of land, for which he paid $7,000, and upon which he expended $6,000 in constructing a dwelling and other improvements. This land was adjacent to an acre of ground which had been purchased by appellant and upon which it constructed

a septic tank through which to discharge the effluent from the plant into Battle Branch, which ran through appellee's land for 1000 feet.

It was alleged in the complaint that damages resulted to this land by pollution of the branch, and the land and dwelling from foul and offensive odors arising from the branch and disposal plant. These allegations were denied, and the cause was tried and sent to a jury upon the theory of whether appellee's lands were permanently damaged, and, if so, in what amount. The testimony introduced pro and con was conflicting on both issues.

Appellant first contends for a reversal of the judgment because the trial court admitted the testimony of A. M. Shirey and Howard McClendon relative to the amount appellant paid for the acre of land upon which to construct the septic tank. The specific objection interposed to the admission of their testimony was that the acre tract was not similar in location or topography to appellee's lands, and that it was purchased for a particular purpose. It is now objected that the testimony of both was inadmissible under the rule of evidence announced in the case of *Yonts* v. *Public Service Company of Arkansas,* 179 Ark. 695, 17 S. W. (2d) 886. The rule in that case is not applicable here because, in the instant case, the only objection made to the introduction of the evidence was that the two tracts were not similar in location or topography, and that the acre tract was purchased for a particular purpose. It is now argued for the first time that their evidence was inadmissible under the rule in the Yonts case because the district itself purchased the acre of land. This specific objection should have been made in the court below. It is too late to make it now. The only specific objection available in the Supreme Court against the evidence is the specific objection made in the trial court. *Arkansas Coal Company* v. *Dunlop,* 142 Ark. 358, 218 S. W. 839; *Missouri State Life Ins. Co.* v. *Fodera,* 185 Ark. 155, 46 S. W. (2d) 638. All other specific objections not made in the trial court are waived. *Kahn* v. *Lucchesi,* 65 Ark. 371, 46 S. W. 729.

The specific objection made in the trial court was without merit because the rule is that sales of other lands in the same locality is a fair criterion to aid in establishing market value. *Missouri Pacific Railway Company* v. *Green,* 172 Ark. 423, 288 S. W. 908.

Appellant next contends for a reversal of the judgment because the court permitted Zembra Everett to testify as to the value of his farm situated about seven miles from Lewisville. He testified as to the acreage of his farm and the character of improvements thereon and what he sold it for about the time the disposal plant was constructed. There were similarities detailed by him between his tract and appellee's land; so the testimony was admissible notwithstanding they were separated by a distance of seven miles. In these days of good roads and rapid means of transit, it cannot be said as a matter of law that the lands were in different localities. The description of the two tracts make the testimony of Everett admissible under the rule of evidence announced in the case of *St. Louis, Iron Mountain & Southern Railway Company* v. *Maxfield,* 94 Ark. 135, 126 S. W. 83.

Appellant next contends for a reversal of the judgment because the court refused to give each of its requested instructions Nos. 3, 4, 6 and 7.

Instructions 3 and 6 were requests to exempt appellants from liability if the odor from the sewer plant was caused by the negligence of its agent in not running enough water through the plant. No such issue was joined in the pleadings, and the testimony adduced had not presented any such issue, so the requests were abstract and properly refused.

Instruction No. 4 is as follows:

"The jury is told that defendant would not be responsible for any unusual or extraordinary rain storm or rainfall then and there prevailing, which caused an unusual amount of water to accumulate in Battle Branch, thereby overflowing its filtering bed and otherwise preventing the proper functioning of its disposal plant for the time, and any injury and pollution of said stream

resulting to plaintiff by reason thereof will not be considered by you as an element of damages in this case."

This instruction was requested on the theory that part of the time the odor was a result of a rise in the branch that could not have been anticipated and might be regarded as an act of God. The testimony however fails to reflect that there were any unusual floods. It appears that all rains of any consequence flooded the branch and that, a part of every winter, water stood over the particular lands through which the branch ran. This condition was not exceptional, but a common occurrence which might or should have been anticipated in constructing the plant. There was no evidence to warrant such an instruction, so it was properly refused.

Instruction No. 7 was to the effect that, if the jury found the odor was temporary or induced through the temporary pollution of the branch, then he could recover only the reduced rental value of his farm during such temporary period. No such issue was in the case. The suit was for alleged permanent injury to the farm, and the correct measure of damages was the difference in the market value of the farm before and after the construction of the sewer disposal plant. The instruction was properly refused.

Appellant next contends for a reversal of the judgment because the court refused to continue the case on account of the absence of its witness R. G. Scott. The motion filed by appellant for a continuance set out the testimony witness would give if present and was regular in form. Appellee admitted that, if present, he would testify to the facts contained in the motion, which motion was treated and read as a deposition of R. G. Scott in the case. The court followed § 1270 of Crawford & Moses' Digest in refusing to continue the case, and nothing appears in the record to show any abuse of discretion by the trial court in this regard.

Appellant lastly contends for a reversal of the judgment because the damages allowed by the jury were excessive and the result of passion and prejudice. The record does not reflect that the verdict was motivated

by either passion or prejudice or both, and there is nothing in the record from which such an inference might be drawn. According to the testimony introduced by appellee, sixteen acres of his pasture land adjoining Lewisville was practically destroyed for use as a pasture. The water of the branch was rendered unfit and dangerous for stock to drink on account of the effluent from the septic tank; and the odors from the branch and septic tank injured the $6,000 dwelling and other improvements for occupancy as a home. These were injuries suffered by him which were not suffered by the general public, and we do not think the amount awarded him was too much under all the circumstances.

No error appearing, the judgment is affirmed.