Housing Authority of City of Little Rock *v.* Sparks.

5-2629                                        355 S. W. 2d 166

Opinion delivered March 19, 1962.

*Mehaffy, Smith & Williams,* by *John T. Williams* and *William L. Terry,* for appellant.

*Warren & Bullion,* for appellee.

Neill Bohlinger, Associate Justice.   The appellant is an agency created as a body corporate and politic under the Housing Authority Act of the State Legislature, same being Act 298 of 1937. The appellee is owner of two lots in West Rock Addition, same being Lot 8 of Block 1 and Lot 10 of Block 1.

In carrying out its work in slum clearance and urban renewal, the appellant filed its complaint in Pulaski Circuit Court seeking to condemn the above named lots. The appellee answered and raised an equitable defense and the case was transferred to Pulaski Chancery Court where it was duly tried and from a decree and judgment

awarding the appellee the sum of $11,000.00 as just compensation for the taking of her property this appeal is prosecuted and presented here.

It appears from the record that appellee is the owner of an area on the north of Cantrell Road that is approximately the width of the road plus 100 feet from the lots involved in this case. It is the contention of the appellee, however, that these two lots are a part of her scheme for the development of the balance of her property in that she contemplates the erection of commercial establishments in addition to some buildings now in the area and that the two lots involved in this case will be necessary for a parking area for the employees who she contemplates will find work in her completed project. It would appear at the outset that the principle of substitution or replacement might be considered in this case but if either principle would be adopted it would fall upon the property owner to show the value of the property which is to be acquired to replace the condemned property. This the appellee has failed to do.

It appears that there is a piece of property directly west of appellee's main holdings that is referred to as the "Cheek Property" which would no doubt be suitable for a parking area but is of greater extent than the condemned property and the only testimony as to value of the Cheek Property was given by appellee's witness who thought the Cheek Property was worth $50,000.00. The other property that is suggested as a substitute or replacement is referred to as the "Collins Property" which adjoins appellee's Lot 8 and which appellee's witness, without fixing a value, thought was worth less than Lot 8 or Lot 10.

Appellee testified that she had tried to get property to substitute for her lots 8 and 10, and that she had inquired from the owner the price of the Collins Property and that the owner had asked $10,000.00 for it.

This is not the measure of market value and the statement in *State* v. *Lincoln Memory Gardens, Inc.*, Ind., 177 N. E. 2d 655, succinctly states the rule:

"A mere offer to buy or sell property is not a measure of the market value of a similar property. It is incompetent to prove the market value of property because the asking price is only the opinion of one who is not bound by his statement, and is too unreliable to be accepted as a correct test of value. A witness in an eminent domain proceeding may state the cost of a particular property at a given place in order to establish the value of a similar property. But evidence of the price for which someone might be willing to sell such similar property or how much he may have refused to take for it would not tend to prove the market value of the property taken."

Therefore, there being no competent testimony as to the value of any property that might be used for replacement or substitution, we turn to the value of the two lots based upon every fact concerning the property which would naturally be disposed to place it in an advantageous light if a negotiated sale to a private individual was in prospect. The purpose of the lots, as shown by appellee's testimony, is for a parking area but appellee states that she had not parked any automobiles on either of these lots during the five or six year period she had owned them because she had not had the buildings to warrant it but stated, "however, we never know what ten years will bring." Appellee's only witness on this point was Mr. Hood who stated that he was familiar with values in that neighborhood and that he speculated in real estate and he would be willing to give $10,000.00 or $12,000.00 for these two lots and would subsequently expect to sell them for $15,000.00.

In *Arkansas State Highway Comm.* v. *Watkins*, 229 Ark. 27, 313 S. W. 2d 86, this court said:

"In *United States* v. *620 Acres of Land, Etc.*, 101 Fed. Supp. 686, which concerned the condemnation of

land in Marion County, Arkansas, the Court, at page 690, approved this statement: 'To warrant the admission of testimony as to value for purposes other than that for which it is actually used, however, regard must be had for existing conditions and wants of the community, or such as may reasonably be expected in the immediate future. The uses considered in fixing value must be so reasonably probable as to have an effect upon the present market value of the land and a speculative value cannot be considered.' In the case of *Carolina Power and Light Company* v. *Clark*, 243 N. C. 577, 91 S. E. 2d 569, the court, in dealing with fixing the value of property based on its best adaptable usage, said that consideration must be given to existing business 'or wants of the community, or such as may be reasonably expected in the immediate future to affect present market value.' It was then said by the court: 'purely imaginative or speculative value should not be considered,' citing a long line of cases. This court, in *L.R. Junction Ry.* v. *Woodruff*, 49 Ark. 381, 5 S. W. 792, made this pertinent observation: 'One who anticipates an increase in the value of his property may feel it a hardship to surrender it without receiving more than its present market value, but it would be a hopeless task to either measure or satisfy the anticipations of a sanguine land owner.' "

On the other hand, the witnesses for the appellant who, like Mr. Hood, testified as experts, fixed a value of $2,000.00 on one lot and from $4,000.00 to $4,250.00 on the other lot, basing their judgment on such factors as the highest and best use of the property, its general contour, market for the property and comparable sales.

In the matter of comparable sales, the appellant offered evidence as to two sales which were excluded by the chancellor as being over three years prior to the filing of this action. There is no hard and fast rule that sets a time beyond which comparable sales cannot be shown. The remoteness in time goes to the weight of the evidence and not to its admissibility.

Trying this case *de novo* here and striving to arrive at a judgment from experience as against a judgment from speculation, giving the testimony of all the witnesses the strongest probative effect, we fail to find that the testimony taken as a whole justifies the award of $11,000.00. We conclude, however, that the testimony in this case justifies an award of $8,000.00.

The judgment of the chancery court is, therefore, modified and we enter judgment here in favor of the appellees and against the appellant in the sum of $8,000.00. Appellant recovers its costs.