COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

John Lewis FINLEY et al., Appellees.

Court of Appeals of Kentucky.

Oct. 18, 1963.

to cite for comparative purposes instances in which small acreages of farm land in the environs of Georgetown had been purchased for industrial rather than farm use.

3. The witness Reynolds was permitted over objection to cite for comparative purposes three sales of property located in adjacent Fayette County at distances of six, ten and twelve miles from the Finley place.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Paul E. Hunley, Dept. of Highways, Frankfort, for appellant.

J. Craig Bradley, Jr., Bradley & Bradley, Georgetown, for appellees.

PALMORE, Judge.

The Highway Department appeals from a judgment of the Scott Circuit Court awarding $37,500 to J. L. Finley and wife as compensation and damages resulting from the acquisition of 7.96 acres of their 50-acre farm located on U. S. 460 about one mile east of Georgetown. It is contended that prejudicial error occurred in three respects, as follows:

1. James H. Reynolds, a professional land appraiser who testified for the owners, had made an appraisal of the Finley tract in 1956 for his employer, Equitable Life Assurance Society, for the purpose of enabling Equitable to apportion an existing loan following a partition or division between Finley and his brother. Based on Reynolds's insistence that the appraisal was for "loan value" and did not reflect "market value," the court would not permit counsel for the Department to elicit from the witness the amount of the 1956 appraisal.

2. Several of the witnesses, including Reynolds, were permitted over objection

On the first of these points it is our opinion that the trial court was in error. Regardless of the different purpose of the 1956 appraisal, it had to do with the value of the property and was a relevant, competent subject of cross-examination for impeachment purposes.[1] If it was intended to and did reflect a figure less than "market value" it was up to the witness to explain the difference, just as it often falls the lot of a landowner to explain why the value he places on his property from the witness chair is so different from the value he has listed with the tax assessor. All of this is for the jury to consider and weigh. In this case, however, the jury did hear enough to realize that Reynolds was evading the question and obviously must have put a lower figure on the property in his 1956 appraisal; and when it is considered that the verdict was for $37,500 as against Reynolds's estimate of $56,690, it becomes apparent that the jury did not accept his testimony at face value.[2] Under the circumstances, we are unable to say that the exclusion of this impeaching evidence, though erroneous, was prejudicial.

On the second point we find ourselves in disagreement with the Department's fundamental contention. That similar property was purchased for a "particular purpose" different from that to which it had been theretofore devoted should not necessarily render evidence of the sale inadmissible for comparative purposes. Cf.

---

1. Even the amount of insurance carried on a particular building is admissible for this purpose. Cf. Maxwell v. Iowa State Highway Commission, 223 Iowa 159, 271 N.W. 883, 118 A.L.R. 862, 869.

2. Estimates for the Department ranged from $20,590 to $25,276, and for the landowners, $54,433 to $62,000 (excluding Finley's own estimate of $75,000).

Sewer and Water Works Imp. Dist. No. 1 v. McClendon, 187 Ark. 510, 60 S.W.2d 920 (1933). Although the witnesses substantially agreed that the highest and best use of the Finley property was for specialized farming purposes, this testimony referred to the tract as a whole. It is common knowledge that reasonably level land fronting a main highway just outside a city is valuable for a variety of purposes other than farming. This was true with respect to that portion of the Finley farm here under discussion.[3] In the absence of a showing that the other properties, comparable in all other respects, had some peculiar desirability or adaptability to industrial use that did not exist with regard to the front part of the Finley property, there was no reason to exclude evidence of the prices paid for them in free and voluntary transactions. We recognize that such a comparison is inherently deceptive in that the price paid for the front portion of other similar property will necessarily include the resulting diminution in value of the remainder of the property. This, however, is a circumstance that can be exposed by cross-examination, and when due allowance is made for it the evidence should be of high probative value. As indicated in Stewart v. Commonwealth, Ky., 337 S.W.2d 880, 884, (1960), if the properties are reasonably similar and a qualified expert is of the opinion that the price brought by one either affects or tends to show the value of the other, it is better to leave the dissimilarities to examination and cross-examination than to exclude the testimony.

█ Our opinion on the third and last claim of error is the same. That property is located several miles away and in another county or political subdivision does not necessarily destroy its comparability from the standpoint of valuation and sale. Sewer and Water Works Imp. Dist. No. 1 v. McClendon, 187 Ark. 510, 60 S.W.2d 920 (1933); Knollman v. United States (6 Cir., 1954), 214 F.2d 106. See also West

Kentucky Coal Co. v. Commonwealth, Ky., 368 S.W.2d 738, 741 (1963). Again, it is the professional witness, and not the court, who is the expert, and if the distance makes a difference it is a matter to be developed under examination and cross-examination. Jurors are well able to understand and evaluate such differences, and it is evident in this case that the jury did in fact exercise discretion in weighing the evidence of the various witnesses.

The judgment is affirmed.

---

3. The 7.96 acres taken consisted of the entire 960-foot frontage along U.S. 460.