ARKANSAS VALLEY INDUSTRIES, INC., ET AL *v.*
DELLA GILES ET AL

5-4082                                411 S. W. 2d 288

Opinion delivered February 13, 1967

*Mobley & Bullock,* for appellant.

*White & Young,* for appellee.

GEORGE ROSE SMITH, Justice. The appellees, Della Giles and her husband, brought this action for personal injuries and property damage suffered in a collision in Russellville between the Giles car and an AVI truck. The jury awarded the plaintiffs $10,100. The appellants complain of error in three of the trial court's rulings.

Mrs. Giles was driving north on Denver Street. The AVI truck was traveling west in the outer righthand

lane of Main Street, a four-lane thoroughfare. The disputed issue of fact was the point of impact. Mrs. Giles testified that she crossed Main Street and had left its intersection with Denver when the AVI driver turned to his right and struck her car. The truckdriver testified that his vision had been obstructed by a third car to his left. He said that when that car went on past him Mrs. Giles appeared in front of him so suddenly that he was unable to avoid hitting her car while it was still crossing the righthand lane of Main Street.

Two of the appellants' arguments relate to a police report about the accident. Officer McCarley investigated the collision and took notes that were not available at the trial. From those notes another officer completed a form of report that had spaces for certain information on one side and a blank diagram for a sketch of the accident on the other side.

Officer McCarley was called as a witness by the defendants. In the course of his testimony the court at first held the report to be admissible, but the next morning, in chambers, the court changed its mind and decided to exclude the exhibit (which apparently had not been seen by the jury). Later on, in the courtroom, counsel for the plaintiffs asked the court to instruct the jury that the plat had been withdrawn from their consideration. There followed this ruling and objection:

> "The Court: It has been—after I examined it this morning. It has certain information that he [McCarley] couldn't possibly testify to, and for that reason I held it in confidence [incompetent].
> "Mr. Mobley: Let the record show that the defendants object and except to the ruling of the Court and to the comments of the Court."

We do not agree with the appellants' insistence that the court's ruling involved a prejudicial comment on the weight of the evidence. Apparently the court was referring to the report as a whole. Yet only a photostatic

copy of the diagram is in the record; so we cannot tell whether the court's remark was justified by the other side of the report. Moreover, a mere objection to the court's comment was not sufficient. Counsel should have asked the court to instruct the jury to disregard the remark. See *St. Louis, I. M. & S. Ry.* v. *Coke,* 118 Ark. 49, 175 S. W. 1177 (1915); *Southern Cotton Oil Co.* v. *Campbell,* 106 Ark. 379, 153 S. W. 256 (1913); *Jones* v. *Bank of Horatio,* 102 Ark. 302, 143 S. W. 1060 (1912). We have no doubt that such a request, had it been made, would have been granted.

Next, the appellants insist that the court was in error in holding the diagram, apart from the rest of the report, to be inadmissible. We find no abuse of the court's discretion, because no witness testified that the exhibit accurately portrayed what it purported to show. The defense, in offering the plat, relied upon a statement made by Mrs. Giles, in her discovery deposition, that a diagram which was handed to her depicted the position of the vehicles after they collided. At the trial, however, Mrs. Giles was unable to say that the diagram then shown to her was the same one that she had seen on the other occasion. We find no positive statement in the record sufficiently establishing the accuracy of the exhibit. Hence we cannot say that the court erred in withdrawing the diagram from the jury's consideration.

Lastly, the appellants contend that John Booher was a surprise witness who should not have been permitted to testify. At the taking of the discovery depositions the opposing lawyers exchanged the names of their witnesses and orally agreed to disclose to each other the names of any additional witnesses that might be found. A day or two before the trial Mr. White, the plaintiffs' attorney, learned through his clients that Booher had seen the position of the cars after the collision. White's partner was being taken to the hospital, and in the confusion White forgot to report the name of the new witness to his adversary. He did mention the matter during the trial, however, and defense counsel interviewed the

994

witness before he took the stand. The court allowed Booher to testify.

We see no prejudicial error. The trial court unquestionably has a wide discretion in a situation of this kind. There is no reason to doubt White's explanation of the oversight. Opposing counsel did interview the witness before he took the stand. Apparently counsel were not surprised, for they made no request for a continuance. Taking the circumstances as a whole, we are unwilling to say that the court should have ruled inflexibly that the plaintiffs had forfeited their right to use Booher's testimony.

Affirmed.