MARION GEORGE BAKER ET AL *v.* CITY OF
LITTLE ROCK

5-5043                               446 S. W. 2d 253

Opinion delivered November 3, 1969

*Edgar Thompson* and *Langston & Langston,* for appellants.

*House, Holmes & Jewell;* By: *Donald T. Jack, Jr.,* for appellee.

LYLE BROWN, Justice. This is an eminent domain

procceding initiated by the City of Little Rock to obtain lands needed for expanding the present airport facilities. Landowners Marion G. Baker and wife appeal from the jury award of just compensation. They allege four irregularities in the trial procedure.

The first challenge of the Bakers is directed at portions of Instructions 13 and 14, specifically those pronouncements which stated that comparable sales could be considered as substantive evidence of the value of the Bakers' property. We have examined the evidence to ascertain whether those portions of the instructions were applicable to any of the testimony. That is because if the instructions were correct under any of the circumstances of the case, they would not be inherently erroneous. *Insured Lloyds* v. *Mayo,* 244 Ark. 802, 427 S. W. 2d 164 (1968). A general objection, which appellants made, only reaches those instructions which are inherently erroneous.

Two of the expert witnesses said they had considered as comparable some sales in the same vicinity which they had personally processed as realtors. Witness Louis Block, Sr., of Block Realty Company, described in detail a sale handled by him in 1968 which in his opinion was highly comparable. Evidence of comparable sales and comparable values given by those having firsthand information may be introduced as substantive evidence going to the value of the subject lands. *Sewer & Waterworks Imp. Dist.* v. *McClendon,* 187 Ark. 510, 60 S. W. 2d 920 (1933); *St. Louis I. M. & S. Ry. Co.* v. *Theo Maxfield Co.,* 94 Ark. 135, 126 S. W. 83 (1910). Instructions 13 and 14 were proper, at least insofar as they applied to any comparables not based on hearsay; whether they are otherwise applicable is not before us because a specific objection was not made.

The second point for reversal: Similarity or dissimilarity of other lands sold in the vicinity is a question for the trial judge and not for the jury. Expert witnesses for both litigants testified as to comparable

sales and at no stage of the trial did the landowner seek to have any of them removed from consideration by the jury. If the essential elements of similarity between an alleged comparable and the subject property are revealed by the testimony then it is for the jury to evaluate the weight to be given to that particular comparable; if as a matter of law it is not comparable then it would be the duty of the adverse party to call that fact to the attention of the court.

This brings us to appellants' third contention for reversal. Counsel for the landowners recalled as a rebuttal witness, Marion G. Baker, one of the appellants:

Q. Mr. Baker, do you have any opinion as the owner as to what the value of your real estate is? Your property?

A. Replacement value . . .

Mr. Trimble: I object. This is not rebuttal. He didn't express his opinion on direct and he's reopening the case. (Objection sustained.)

Appellants contend that Mr. Baker should have been permitted to continue with his answer. We do not agree. It is a general rule of evidence of long standing that the court may, acting with sound discretion, refuse to permit such evidence relating inherently to the case in chief to be held out until rebuttal. Here the issue of just compensation was raised by the pleadings and was competent and proper to be introduced by the landowners in chief. No showing was made as to why it was not brought forward in chief. Absent such showing we certainly cannot say the trial court abused its discretion. *Bain* v. *Fort Smith Light & Traction Co.,* 116 Ark. 125, 172 S. W. 843 (1915).

Finally, appellants contend that a remark of the trial court amounted to a comment on the evidence. We do not review the contention because it was not called to the attention of the court when made, nor was an

objection filed. *Southern Cotton Oil Co.* v. *Campbell,* 106 Ark. 379, 153 S. W. 256 (1913). See *Arkansas Valley Industries, Inc.* v. *Giles,* 241 Ark. 991, 411 S. W. 2d 288 (1967).

Affirmed.