## ARKANSAS STATE HIGHWAY COMMISSION
### *v.* N.W.A. REALTY CORP., et al

77-78                                                           557 S.W. 2d 620

Opinion delivered November 21, 1977
(Division II)

*Thomas B. Keys* and *Philip N. Gowen,* for appellant.

*James W. Gallman,* of *Gallman & Wiley,* for appellees.

JOHN A. FOGLEMAN, Justice. Appellant asks reversal of the judgment awarding compensation to appellees for appellant's taking, on March 5, 1975, 0.56 acres of a 4.37-acre tract of land, because of the failure of the trial court to

exclude certain testimony relating to sale of other lands on the ground that they were not comparable as a matter of law. We find no reversible error in this respect and affirm.

The tract of land from which the right of way was taken fronted on Highway 71, approximately five miles north of Bentonville. It was located near the center of Bella Vista about one-half mile north of an establishment known as the Hill and Dale Restaurant. Otherwise, Bella Vista is owned by Cooper Communities, Inc. Testimony of Jackie Phillips, who, with his wife, is the owner of all the corporate stock of appellee, established that appellees' property was the only highway frontage available in the immediate vicinity and for a distance of about seven miles to the north to the Arkansas-Missouri line, except for one small grocery store. This was attributable to the fact that Cooper Communities, Inc. owned all the property to the north, south and east of appellees' tract and would not sell any of it for commercial purposes. That company had its own commercial development to the north but would only lease the property for terms of not more than twenty years. A part of the second floor of the property was used for appellees' real estate office and there was also a gift shop on that floor. According to Phillips, who said the corporation took listings and sold real property in the area, the highest and best use of the property was for commercial purposes, being suitable for a motel, service station, different kinds of shops or almost any business. In his opinion, the closest comparable property was near the Holiday Inn just north of the city limits of Bentonville.

Ralph King, of Bella Vista, was in the real estate business but dealt only in his own property, mostly commercial. He had been buying and selling commercial property near Bentonville for a little over six years. He had handled a substantial part of the development of the commercial property along Highway 71 on the north edge of Bentonville. In his opinion, appellees' property was comparable to that in which he had been dealing. He agreed that the highest and best use of appellees' property was for commercial purposes and that it was the only such property available for several miles. He related the details of sales of property he had made at the northern edge of Bentonville, all of which took place in

1974. He said that Bella Vista was growing faster than Bentonville.

Keith Schultz, a Fayetteville real estate broker and appraiser, could find no sales in the immediate vicinity of appellees' property, due to the Cooper Community ownership. He then attempted to find the nearest property that could be used for comparison. He found that the highway traffic count in front of appellees' property was as great as that at the north end of Bentonville. He found considerable real property for sale near the Holiday Inn at Bentonville, but none in the vicinity of appellees' land. For comparison, he used sales of property on Highway 71 just north of Bentonville and about 3 ½ miles south of appellees' property. He found that when these tracts were sold, they were little more than pasture land with no development around them. The sales were in tracts of less than one acre, and were made at a time when that area of Bentonville had not been developed. They took place in 1972, 1973 and 1974. He said that in arriving at his opinion of the value of appellees' land, it was necessary that he make adjustments for differences attributable to time and distance. In doing so, he discounted the value reflected by these sales by 40%. Appellant moved that the opinion testimony of this witness be stricken because it was based upon sales that were not comparable as a matter of law.

Appellant relies upon our decisions in *Arkansas State Highway Commission* v. *Roberts,* 246 Ark. 1216, 441 S.W. 2d 808; *City of Little Rock* v. *Sawyer,* 228 Ark. 516, 309 S.W. 2d 30 and *Arkansas State Highway Commission* v. *Witkowski,* 236 Ark. 66, 364 S.W. 2d 309. It correctly points out that under the authority of these cases a sale must be comparable to be admissible in evidence, that its comparability must be shown, and although there can be no fixed definition of similarity or comparability, there must be some reasonable resemblance.

In *Sewer & Waterworks Imp. Dist. No. 1* v. *McClendon,* 187 Ark. 510, 60 S.W. 2d 920, we said:

Appellant next contends for a reversal of the judgment because the court permitted Zembra Everett to

testify as to the value of his farm situated about seven miles from Lewisville. He testified as to the acreage of his farm and the character of improvements thereon and what he sold it for about the time the disposal plant was constructed. There were similarities detailed by him between his tract and appellee's land; so the testimony was admissible notwithstanding they were separated by a distance of seven miles. In these days of good roads and rapid means of transit, it cannot be said as a matter of law that the lands were in different localities. The description of the two tracts make the testimony of Everett admissible under the rule of evidence announced in the case of *St. Louis Iron Mountain & Southern Railway Company* v. *Maxfield*, 94 Ark. 135, 126 S.W. 83, 26 L.R.A. (N.S.) 1111.

We have held there is no hard and fast rule as to time beyond which a sale may be considered comparable and that remoteness goes to the weight to be given the evidence, rather than to its admissibility. *Housing Authority of the City of Little Rock* v. *Sparks*, 234 Ark. 868, 355 S.W. 2d 166. In a case in which the sale used for comparison was four miles away from the property taken, we declined to hold that the sale was not comparable. *Arkansas State Highway Commission* v. *Stallings*, 248 Ark. 1207, 455 S.W. 2d 874.

In another case where the sales relied upon were 2, 2½ and 13 miles respectively from the property taken, we held that separation of two tracts by distance, where they are otherwise similar, is not sufficient to show that the sale of one is not evidence of the value of the other, when it cannot be said as a matter of law that they are in different localities. *Arkansas State Highway Commission* v. *Highfill*, 250 Ark. 291, 464 S.W. 2d 784.

The question of similarity or dissimilarity of the lands near Bentonville was basically a question for the trial judge. *Baker* v. *City of Little Rock*, 247 Ark. 518, 446 S.W. 2d 253. It is the well established rule that the decision of the question whether the conditions surrounding another tract of land or its sale are sufficiently similar to the circumstances of the pending case and the land involved to admit evidence of its

sale price as evidence of the value of the land in question rests largely in the discretion of the trial court. Annot., 118 ALR 869, 904; 85 ALR 2d 110, 126. The ruling of the trial court on the question should be disturbed only for abuse of that discretion. The proposition is well stated by the textwriter at 5 Nichols on Eminent Domain 21-55, et seq § 21.31, viz:

> *** [N]o general rule can be laid down regarding the degree of similarity that must exist to make such evidence admissible. It must necessarily vary with the circumstances of each particular case. Whether the properties are sufficiently similar to have some bearing on the value under consideration, and to be of any aid to the jury, must necessarily rest largely in the sound discretion of the trial court, which will not be interfered with unless abused. The exact limits, either of similarity or difference, or of nearness or remoteness in point of time, is difficult, if not impossible, to prescribe by any arbitrary rule, but must to a large extent depend on the location and the character of the property and the circumstances of the case. It is to be considered with reference to the light thrown on the issue, and not as a mere method of raising a legal puzzle.

> When evidence of the price paid at a voluntary sale of other land is offered by one of the parties at the trial of a land damage case, as tending to prove the value of the land taken or damaged, the admissibility of such evidence depends upon the decision on the question whether such other land is sufficiently like the land in controversy and the sale sufficiently near in point of time to make the evidence of the price paid helpful to the jury. This question is a preliminary question of fact, to be determined by the judge presiding at the trial, and his decision upon such a question will not be set aside if there is any evidence to support it. It follows that the admissibility of evidence of sales of other land, as stated above, is largely within the discretion of the trial court, and the verdict of the jury will not be set aside by a higher tribunal merely because it disagrees with his conclusion. The discretion of the trial court is not, however, unlimited, and if evidence of sales which was admissible

as a matter of law is excluded, or evidence of sales which was inadmissible as a matter of law is admitted, the verdict will be set aside upon exceptions properly taken. ***

That writer, addressing himself to the question of proximity, at 5 Nichols on Eminent Domain 21-67, et seq § 21.31 [1] also says:

*** The court, too, should exercise its discretion in accordance with the necessities of the case, and if land is of a character not commonly bought and sold, should allow evidence of the sales of similar land to be admitted, though located several miles from the land taken.

In any event, as with other aspects of this problem, it lies within the sound discretion of the court to fix the limits of proximity within which evidence of sales may be adduced. ***

Many times it will be necessary, as it was here, for an opinion witness to make adjustments or to explain the difference between similar tracts. *St. Louis, I.M. & S. Ry. Co. v. Theodore Maxfield Co.*, 94 Ark. 135, 126 S.W. 83; *Arkansas State Highway Commission v. Sargent*, 241 Ark. 783, 410 S.W. 2d 381. See also, *Arkansas State Highway Commission v. Taylor*, 247 Ark. 742, 447 S.W. 2d 646. It was not demonstrated that the adjustment made by Schultz had no reasonable basis.

Although appellant offered testimony of opinion witnesses that in some respects contradicted that on behalf of appellees, particularly as to the similarity of the property at the edge of Bentonville, we are in no position to say that the circuit judge abused his discretion in admitting this testimony.

The judgment is affirmed.

We agree. Harris, C.J., and Holt and Roy, JJ.