ARKANSAS STATE HIGHWAY COMMISSION
*v.* Kenneth WARD et ux

78-309                                                579 S.W. 2d 603

Opinion delivered April 23, 1979
(In Banc)

*Thomas B. Keys* and *Philip N. Gowen,* for appellant.

*Jim Burnett,* for appellees.

DARRELL HICKMAN, Justice. The Arkansas State Highway Commission appeals this condemnation case alleging only one error: The court erred in not striking the testimony of the appellees' expert witness. We find no error and affirm the judgment.

The appellant sought condemnation in 1975 of .97 acres owned by the appellees to be used in construction of a bypass of the city of Clinton.

The case was tried to the jury on the issue of damages and the appellees called only one expert witness on this issue. He gave an opinion that the damages to the appellees were some $14,744.00. The expert witness for the Highway Commission testified that the damages were $550.00. The jury returned a verdict in favor of the appellees in the sum of $5,-500.00.

The appellees' expert witness sought to use five comparable sales as a basis of his opinion testimony. Three of those comparable sales were stricken by the trial judge as being objectionable. The other two were permitted to be used. One was a 1966 sale to Petit Jean Electric Cooperative involving .66 acres in downtown Clinton and the other was .52 acres sold in 1976 to the Heber Springs Savings and Loan Association. Both were located near appellees' land.

The appellant argues that the appellees' expert witness' testimony should have been stricken because one sale was too remote in time, the comparable sales were lots rather than tracts of land, the expert witness conceded the property was

enhanced by the construction and one of the sales was to an authority empowered to take property by the law of eminent domain.

We have held that there is no hard and fast rule as to the time beyond which a sale may be considered comparable and remoteness goes to the weight rather than to the admissibility of such testimony. *Arkansas State Hwy. Comm'n v. NWA Realty,* 262 Ark. 440, 557 S.W. 2d 620 (1977). The question of similarity or dissimilarity is basically a question for the trial judge and we find no abuse of that discretion in this case. See *Arkansas State Hwy. Comm'n v. NWA Realty, supra.* The appellant, during cross-examination of the expert witness, after considerable questioning, was able to get the witness to concede that "possibly" or "probably" all the land in the area — the witness said within 10 or 20 miles of the construction — was affected to some degree by the construction. Such an admission falls far short of evidence that the property of the appellees was, in fact, enhanced by the construction rather than damaged. See *Lazenby v. Ark. State Highway Commission,* 231 Ark. 601, 331 S.W. 2d 705 (1960).

One of the comparable sales was to Petit Jean Electric Cooperative, which we assume has the authority and power to condemn property. In the light of our recent decision in the case of *Ark. State Hwy. Comm'n v. First Pyramid Life Ins. Co. of America, et al,* 265 Ark. 417, 579 S.W. 2d 587 (1979), the trial court should have stricken this testimony unless the expert witness could have demonstrated whether the sale was negotiated, or was consummated because of Petit Jean Electric Cooperative's power to condemn property.

However, the issue to us on appeal, as it quite often is in this type of case, is whether the entire testimony of the expert should have been stricken. We have said many times that such a motion should be overruled, as it was, if there is any reasonable basis for the expert's testimony. *Ark. State Hwy. Comm'n v. Barnes,* 263 Ark. 567, 566 S.W. 2d 148 (1978); *Ark. State Hwy. Comm'n v. Russell,* 240 Ark. 21, 398 S.W. 2d 201 (1966). Since that is the only issue to us on appeal, and since there were other bases for the expert witness' testimony, we

find no prejudicial error requiring us to reverse the judgment of the trial court.

Affirmed.

BYRD, J., dissents.