ARKANSAS STATE HIGHWAY COMMISSION
*v.* Benjamin F. ROETZEL, Jr. et al

CA 80-300                                    608 S.W. 2d 38
Court of Appeals of Arkansas
Opinion delivered December 3, 1980

*Thomas B. Keys* and *Philip N. Gowen*, for appellant.

*Lightle, Beebe, Raney & Bell*, by: *A. Watson Bell*, for appellees.

JAMES H. PILKINTON, Judge. The appellant, Arkansas

State Highway Commission, asks that we reverse an award for $68,500 made by a jury in White County, Arkansas.

Appellees own 40.5 acres of land and some improvements located in part in the town of Russell, Arkansas, and in part just east of the town. The acreage comprises one tract. The State Highway Commission contended that the sum of $48,500 represented just compensation for the parcel taken and for damages to the remaining 9.53 acres. That figure is supportable by evidence introduced on behalf of the Commission. However, one of the persons owning an interest in the tract testified to damages of $98,400; and one expert for the landowners fixed the damages at $71,500, and a second expert for the landowners at $88,716. The jury returned a verdict in the amount of $68,500 and the State Highway Commission has appealed.

I

The real basis of appellant's first argument on appeal is that the witnesses for the landowners based their opinions upon non-comparable sales. We find no merit in this argument. A close examination of the testimony of the witnesses for appellee reveals that the trial court did not err in holding that the weight to be given the testimony in question was for the jury. *Arkansas State Highway Commission* v. *McAlister*, 247 Ark. 757, 447 S.W. 2d 649 (1969).

Mr. R. W. Weaver, a witness for the landowners, qualified as an expert. He testified that he based his value testimony upon a number of things. Mr. Weaver's testimony shows that he was very familiar with the property in question, having grown up a short distance from it. He described the physical attributes of the property in detail, including certain pecan trees growing thereon, the drainage, the type of soil involved, the quality of water available and other important characteristics having a bearing on market value. Mr. Weaver pointed out that the property was good loamy land suitable for raising soybeans, or for use as truck crop land. He stated that the property was flat, tight land suitable for irrigation, with a good quantity of water available. He testified, however, that the highest and best use was for rural home

sites because there was available water, electricity, natural gas, telephone and all essential utilities not usually found available for a rural tract. He testified that he looked at the subject tract, gathered data and information in a wide area, narrowing it down to the highest and best use for this particular tract; but that he also looked at it from an agricultural standpoint. He further testified that he took into consideration all of the various factors that he had related to the jury, as well as what other lands comparably situated and comparably sized were selling for and being used for in the area.

Under well settled law in Arkansas in a condemnation case, a qualified expert need only to state his bare opinion as to the value of the condemned property. The testimony of an expert witness should be stricken only if it is shown to lack a sound and reasonable basis. *Arkansas State Highway Commission* v. *Cook*, 257 Ark. 98, 514 S.W. 2d 215 (1974).

In the case at bar, Mr. Weaver said on cross examination, in response to a question from the appellant's attorney, that he was familiar with a 3.00 acre tract of land which lay immediately across the road from the subject property. Appellant now insists that Mr. Weaver's testimony should have been stricken because of his reliance on this tract. Mr. Weaver at no time stated that his opinion was based solely upon the 3.00 acre tract to which appellant is objecting. He stated at several points in his testimony that this tract was only one of many which he viewed in connection with his overall market study. This witness had indicated that he had taken into account certain other comparables.

The trial court properly ruled that the answers of the witness in question, as to the comparables, would go to his credibility and to his expertise in the eyes of the jury, and the testimony should not be stricken. This was a proper ruling by the trial court in view of *Arkansas State Highway Commission* v. *Jones*, 256 Ark. 40, 505 S.W. 2d 210 (1974). In that case the court held that if on cross examination a condemnor is unable to draw from an expert witness more than a weak or questionable basis for his opinion, that fact has bearing on the weight to be given the testimony by the jury; and the testimony should not be stricken on motion. Mr. Weaver also

testified that no two pieces of land are truly comparable, in that they are not exactly the same, and that he in no way was attempting to tell the jury that the 3.00 acre tract was comparable to the 40 acre tract; but he was merely taking that sale into consideration in conjunction with his overall opinion. Just because an expert witness uses a smaller tract in conjunction with an appraisal of a larger tract, that does not, as a matter of law, show that the witness had no reasonable basis for his opinion as to the fair or market value of the property condemned. The Arkansas Supreme Court in *Arkansas State Highway Commission* v. *Ward*, 265 Ark. 578, 579 S.W. 2d 603 (1979) held that the question of similarity or dissimilarity is basically a question for the trial judge, and we find no abuse of that discretion in this case. See also *Arkansas State Highway Commission* v. *NWA Realty*, 262 Ark. 440, 557 S.W. 2d 620 (1977).

The appellant also argues that Mr. Weaver testified as to lot sales in Foothills Subdivision in West Russell. Again the witness's answer was specifically upon the inquiry of appellant's attorney. Mr. Weaver detailed the demand for rural home sites in the area, and we cannot say that this testimony pertained or was intended to deal with the question of whether the lots in the subdivision were comparable to the property in question. In any event, in *Arkansas State Highway Commission* v. *Duff*, 246 Ark. 922, 440 S.W. 2d 563 (1969) the Supreme Court held that the opinion of an expert witness is not rendered without reasonable basis merely because he bases value figures partially on what lots are selling for in the area, even if the taking is in acreage.

Once a witness qualifies as an expert, he is entitled to give an opinion based upon his expertise. The condemning authority may question that expertise, and the witness's testimony is deemed to be insubstantial only if it is shown on cross examination that there is no reasonable basis for this opinion. *Arkansas State Highway Commission* v. *Duff, supra*.

When we consider the testimony in this record concerning the comparable sales of land nearby in the light most favorable to appellee, we find the appellee's comparable

sales are in compliance with the standards set by the case law.

## II

Appellant also contends that the testimony of the witness Weaver was insubstantial. We do not agree. He testified that he took numerous sales into consideration and reviewed them with respect to the various factors in arriving at his opinion and then adjusted those sales to come up with the fair market value of the property. He testified, among others, about a 40 acre tract just south of the subject property, which sold for $1,000 an acre, which he adjusted to $1,700 an acre because of the topography, drainage, and the fact that it sold 15 months before the taking. Mr. Weaver testified that he took ten other sales into consideration but that some of them were as far as 18 to 20 miles away. Separation of two tracts by distance where they are otherwise similar is not sufficient to show that the sale of one is not evidence of the value of the other, where it cannot be said as a matter of law that they are in different localities. *Arkansas State Highway Commission* v. *NWA Realty, supra*. On the basis of this record with reference to the respective tracts, we are unable to say that they are not comparable as a matter of law. Consequently, the weight to be given Mr. Weaver's testimony was for the jury. *Arkansas State Highway Commission* v. *Highfill*, 250 Ark. 291, 464 S.W. 2d 784 (1971).

## III

Appellant also argues that the court erred in permitting testimony by Mr. Quattlebaum, an expert for the landowners, to go to the jury. We do not agree. The record shows that after qualifying as an expert, Mr. Quattlebaum testified that the highest and best use for this particular tract of land immediately before the taking in August of 1978 would be for the development into acreage for home sites. Mr. Quattlebaum testified that he did consider the 3.00 acre tract, about which the appellant's attorney inquired on cross examination and which sold for $3,000 an acre, but that he did not consider it fully comparable because of the difference in size. The gist of his testimony was that the sale of the

smaller tracts in the vicinity were not comparable per se, but would have to be adjusted. Taken as a whole, it appears to us that the testimony of Mr. Quattlebaum was neither improper nor prejudicial to appellant's case; and that he gave a logical basis for his opinion of market value.

## IV

Appellant finally argues that the testimony of B. F. Roetzel, who owned an interest in the land and represented the landowners, is insubstantial.

An owner of land is competent to give opinion testimony as to the value of his land. His testimony is to be stricken only if it is demonstrated that there is no fair or logical basis of support for it. *Arkansas State Highway Commission* v. *Jones, supra*. In this case Mr. Roetzel testified as to his familiarity with the land and other lands in the area. The mere fact that Mr. Roetzel did not know of any other sales of land at the exact value he placed upon his property does not demonstrate that he had no reasonable basis for his opinion. *Arkansas State Highway Commission* v. *McAlister, supra*. This witness had lived on the land for along time, used and worked it, and was intimately familiar with his land, a part of which was taken by the state. He testified that he was familiar with the value of other land sales in the area. We cannot say he had no reasonable basis for his opinion. The jury did not adopt his value anyway, but in the exercise of the right given to a jury by law in a case of this nature, fixed the damages at $68,500, some $29,900 less than the valuation placed upon this land by the owner.

We are simply unable to say that appellant has demonstrated that the verdict had no substantial evidentiary support.

The judgment is affirmed.