## ARKANSAS STATE HIGHWAY COMMISSION *v.*
## OAKDALE DEVELOPMENT CORPORATION

CA 80-507                                              614 S.W. 2d 693

Court of Appeals of Arkansas
Opinion delivered May 6, 1981

*Thomas B. Keys* and *Philip N. Gowen*, for appellant.

*Lightle, Beebe, Raney & Bell*, by: *A. Watson Bell*, for appellee.

LAWSON CLONINGER, Judge. On September 13, 1973, appellant, Arkansas Highway Commission, condemned 0.24 acres of a tract of 31.5 acres owned by appellee, Oakdale Development Corporation, located in the southwest city limits of Judsonia. The property had been platted for residential subdivision development in 1967, and about half of the property had been developed at the time of condemna-

tion. The half in which the condemned property was located was undeveloped.

This is an appeal from a jury verdict for appellee in the amount of $4,000 as compensation for the taking. The sole issue on appeal is whether the trial court erred in permitting testimony of developed lot sales in the subdivision to support the opinion of witnesses as to the value of lots in the undeveloped area. We find no reversible error and we affirm.

This Court must review the testimony in the light most favorable to the appellee, and indulge all reasonable inferences in favor of the judgment. *Arkansas State Highway Commission* v. *Duff*, 246 Ark. 922, 440 S.W. 2d 563 (1969).

Gerald Joyner, a witness for appellee, is an engineer, a registered surveyor, and one of the developers of appellee corporation. As an expert witness and as a landowner, Mr. Joyner testified that practically all of one lot and a portion of two other lots were taken, and that two additional lots were damaged. In his opinion, at the time of the taking the fair market value of each lot was $3,200, for a total valuation of $16,000; that the fair market value of the property after the taking was $6,400, for a total damage to the landowner of $9,600. One lot was ascribed damage to its full value and the four other lots were described as being damaged 50%. He arrived at the value of $3,200 ascribed to each lot by taking the sale price of a lot in the developed area of the subdivision, $4,000, and deducting the expense of developing each lot, $800. Since the taking, ten single family homes and one building with five units in it have been built in the subdivision.

Wayne Hartsfield, a bank appraiser and a witness for appellee, knew of specific sales of comparable developed lots in the area for $4,000. He gave his opinion that the five lots taken or damaged had a before-taking value of $15,000, and an after-taking value of $7,500.

Henry Williams, an appraiser employed by appellant, stated that in his opinion the property taken had a fair

market value of $1,500 per acre, and that it was not desirable for residential building.

Testimony regarding the desirability of the lots in the undeveloped area of the subdivision for residential development, as compared to the lots in the developed area, was in conflict, but that was a question of fact to be considered by the jury.

Appellant argues that as a matter of law the trial court should have ruled that the sales relied on by appellee's witnesses were not comparable, and relies upon the case of *Arkansas State Highway Commission* v. *Welter*, 247 Ark. 23, 444 S.W. 2d 65 (1969), in which the Court said:

> We agree with the Highway Commission that the trial court should have struck the testimony of all the landowners' witnesses relative to valuation because there is a total absence of any reasonable or factual basis in the record for a comparison of the value of the lots in the paper subdivision with the sales price of fully developed lots in North Hill Subdivision where all utilities, streets, curbs and gutters were in place.

We disagree that the holding in *Welter* is applicable in this case, because the circumstances are different. In *Welter* there was a subdivision on paper, but there had been no effort to develop any part of it. The witnesses for Welter went to another subdivision for comparable sales, and in the words of the Court, there was "a total absence of any reasonable or factual basis in the record for comparison ..." In the case before the Court the appellee's subdivision had been platted six years prior to the condemnation, and development of the subdivision had proceeded steadily, though perhaps at a slow pace. There was a reasonable basis for comparison of the value of lots in the developed area of the subdivision and the lots taken or damaged, and an allowance was made for the cost of development.

The question of similarity or dissimilarity of the lots sold and the lots condemned was basically a question for the trial judge. *Baker* v. *City of Little Rock*, 247 Ark. 518, 446

S.W. 2d 253 (1969). No general rule can be laid down regarding the degree of similarity that must exist to make such evidence admissible. It must necessarily vary with the circumstances of each particular case. Whether the properties are sufficiently similar to have some bearing on the value under consideration, and to be of any aid to the jury, must necessarily rest largely in the sound discretion of the trial court which will not be interfered with unless abused. *Arkansas State Highway Commission* v. *N.W.A. Realty Corporation*, 262 Ark. 440, 557 S.W. 2d 620 (1977).

We are in no position to say that the trial court in the instant case abused its discretion in admitting the testimony.

Affirmed.