ARKANSAS STATE HIGHWAY COMMISSION
*v.* Woodrow W. THOMPSON

CA 81-386                                        634 S.W.2d 147

Court of Appeals of Arkansas
Opinion delivered June 9, 1982

*Thomas B. Keys* and *Philip N. Gowen,* for appellant.

*Roy Whitehead, Jr.,* for appellee.

GEORGE K. CRACRAFT, Judge. The appellant, the Arkansas State Highway Commission, appeals from a jury verdict awarding appellee compensation in the amount of $13,830 for lands taken for highway purposes. The sole issue raised by this appeal is whether the trial court erred in refusing to exclude two comparable sales used by an expert witness called by the appellee.

Harold Lewis, a qualified real estate appraiser, in giving his evidence as to the value of appellee's land before the taking, stated that he had used the market value approach and considered its highest and best use to be a single-family residence and hobby farm. He defined the market value approach as the comparing of a parcel that is "as near like what you are appraising as you can find."

The lands belonging to the appellee were on a well traveled, gravel road known as Philpot Road. The appraiser

used as his comparables one transaction involving lands with frontage on U.S. Highway 64 and another tract located a short distance from another paved highway. Both tracts were located about two miles from the appellee's property. He did not use land sales nearer the appellee's land because he found the lands to be dissimilar. The expert testified that he had used these two comparable sales because they were single-family residence and hobby farm properties and he found them to be more similar to that of the appellee. One of them was located on the same creek that ran through appellee's land. The other was very similar and, although located on a major highway, could be used as a comparable with a proper adjustment for that fact. He indicated that he had adjusted that value down by a considerable amount to account for this.

After the testimony of this witness was complete the appellant moved to strike those comparables for the following reasons:

> With reference to Mr. Lewis' opinion on the before value of the property I feel that the plaintiff used sales which are not subject to be adjusted to make them comparable to the subject property. He used two sales in a different area of the county, one sale fronting on a major highway and the other a short distance from a major highway; and he attempted to adjust these sales to make them comparable to the subject property. I am asking that the court rule these sales are not comparable as *a matter of law* because I believe they are misleading to the jury. (Emphasis supplied)

> THE COURT: The Court will overrule your motion at this time. I think he has explained them well enough and I think that what you're saying may go to the credibility but this would be the basis for it. And save Mr. Gowen's exception to the court's ruling.

The expert witness in this case testified that he had used these two sales as comparables because the tracts were similar and that he had rejected other sales nearer the subject property because he found them to be dissimilar. It is well

settled that an expert witness must be given reasonable latitude in evaluating the sales which he considers to be supportive of his opinion and there is no definite or fixed definition of similarity or comparability. *Ark. State Hwy. Comm.* v. *Clark,* 247 Ark. 165, 444 S.W.2d 702 (1969); *Ark. State Hwy. Comm.* v. *Witkowski,* 236 Ark. 66, 364 S.W.2d 309 (1963). It is also settled that a determination of whether the conditions surrounding another tract of land or its sale are sufficiently similar to the circumstances of the pending case rests within the sound discretion of the trial court. *Ark. State Hwy. Comm.* v. *N.W.A. Realty,* 262 Ark. 440, 557 S.W.2d 620 (1977). Where the testimony indicates that two tracts of land are similar, the fact that the comparable sale is located some distance from that being condemned or is larger or smaller in size does not affect the admissibility of the evidence. Since it cannot be said as a matter of law that the lands are in different localities and the question of similarity or dissimilarity is a question for the trial judge to determine, the discretion of the trial judge in such matters should not be interfered with unless it is found to have been abused. *Ark. State Hwy. Comm.* v. *N.W.A. Realty, supra; Ark. State Hwy. Comm.* v. *Roetzel,* 271 Ark. 278, 608 S.W.2d 38 (Ark. App. 1980); *Ark. State Hwy. Comm.* v. *Oakdale Development Corp.,* 1 Ark. App. 286, 614 S.W.2d 693 (1981). We find no such abuse here.

In his testimony Mr. Lewis explained that he had made adjustments in the price of his comparables to take into account the fact that the properties were located on or near a major highway where the property in question was not. In *Ark. State Hwy. Comm.* v. *N.W.A. Realty, supra,* the court stated: "Many times it will be necessary, as it was here, for an opinion witness to make adjustments or to explain the difference between similar tracts."

We find no error in the trial court's refusal to strike the testimony.
Affirmed.